JOHN W. STEWART et al., Plaintiffs in Error,

*vs.*

ANDREW GLENN, Defendant in Error.

ERROR TO GREEN CIRCUIT COURT.

Where suit was commenced by declaration against three defendants, who all made default, and the plaintiff took judgment against two only, without discontinuing as to the other: *Held,* erroneous.

Too many defendants joined, is ground of nonsuit, but under the statute it may be avoided in certain stages of the proceedings. Whether the statute applies to a case where the defendants have not pleaded or appeared; *quere?*

The statute (*Chap.* 93, § 9 *R. S.*) allowing the maker, drawer, indorser or acceptor of a bill of exchange or promissory note to be joined in one suit, does not apply to guarantors.

The maker, &c., of a promissory note or bill of exchange, cannot be joined in the same suit with the guarantor thereof.

THIS was an action of assumpsit commenced by declaration, in the Green Circuit Court, by the defendant in error, against the plaintiffs in error. The declaration contained the common counts with copy of note and rule to plead, and was served upon John W. Stewart, Nelson Merrill and George E. Dexter, on the 8th and 9th of November, 1855. The copy of the note and indorsements thereon were as follows:

"$100. One year after date, value received, I promise to pay John Merrill, jr. or bearer, one hundred dollars. Clarno, October 13, 1854, with ten per cent. interest.
   (Signed)     J. W. STEWART."
 (Indorsed.) "For value received I guaranty the payment of the within note to Andrew Glenn.
   (Signed)     NELSON MERRILL."
 (Indorsed.) "In consideration of one dollar I guaranty the payment of the within note, to Andrew Glenn.
   (Signed)     G. E. DEXTER."

The defendants failed to appear and plead and their default was entered and judgment interlocutory. The damages were assessed by the clerk at $111.78, and final judgment for that amount and costs, was rendered against two of the defendants, Stewart and Merrill.

*J. H. Knowlton*, for the plaintiffs in error.

*J. A. Sleeper*, for the defendant in error.

*By the Court*, COLE, J. The judgment in this case must be reversed. The suit was commenced by filing a declaration and serving a copy with notice to plead, upon John W. Stewart, Nelson Merrill and George E. Dexter. All the defendants made default, and judgment was rendered against Stewart and Merrill without there being any discontinuance as to Dexter. It is well settled if a plaintiff makes too many persons defendants, the misjoinder is fatal to his case. Section 18 of chapter 100 of the Revised Statutes, enables a plaintiff to avoid the consequences of this rule in certain stages of his cause. But we express no opinion whether under this section a plaintiff may discontinue as to a defendant, amend his declaration and proceed to judgment, when no pleas have been interposed by the defendants. The plaintiff did not attempt to discontinue in this case.

But there is a still further objection to the plaintiff's maintaining this action. The declaration in this case contained the common counts, with a copy of the note sued on. The note is dated October 13, 1854, given by Stewart and payable to John Merrill or bearer, one year after date. On the back of the note are the following guaranties of payment:

"For value received I guaranty the payment of the within note, to Andrew Glenn."
(Signed)         NELSON MERRILL."

"In consideration of one dollar I guaranty the payment of the within note to Andrew Glenn.
(Signed)         G. E. DEXTER."

We suppose this action was intended to be brought under section 9 of chapter 93 of the Revised Statutes, which authorizes the holder of any bill of exchange or promissory note, instead of bringing separate suits against the drawers, makers, indorsers and acceptors of such bill or note, to include all or any of the said parties to the bill or note in one action, and to proceed to judgment in the same manner as though all the defendants were joint contractors. But this statute does not apply to *guarantors*, but only to makers and indorsers within the law merchant. There is an obvious distinction between the contract of guaranty and the contract of indorsement, and they must not be confounded. *Miller vs. Gaston*, 2 *Hill*, 188; *Prosser vs. Loqueer*, 4 *id*. 420.

Judgment reversed and cause remanded for further proceedings according to law.