[No. 6374.]

### KRUSCHKE V. QUATSOE.

1. **Contract—Parties—New Parties Coming In — A** stranger to a contract cannot become party thereto without the consent of both the original parties.—(315)

2. **——Sureties—**Nor can a stranger become surety for one of the parties without like consent.—(315)

Such attempted suretyship does not bring the case within section 13 of the code.—(315)

3. **Parties—Pleading—Misjoinder—**Plaintiff and one of the defendants had entered into a contract to be performed in the future. At a later date the other defendant, upon a new consideration, by endorsement upon the contract, assumed joint liability with the maker, and guaranteed payment of the contract, when due. Held, that a complaint against both defendants, counting upon the original contract and the guaranty, exhibited a misjoinder, both of the parties and causes of action. —(314-316)

*Error to Denver District Court*—Hon. GREELEY W. WHITFORD, Judge.

Messrs. PERKINS & MAIN and Messrs. ROGERS, ELLIS & JOHNSON for plaintiff in error.

Mr. C..F. MILLER for defendant in error.

Mr. JUSTICE HILL delivered the opinion of the court:

The defendant in error, as plaintiff, filed his complaint in the district court of the city and county of Denver, making Isaac Kruschke and W. M. Jones defendants. The material part of the complaint, in substance, is that at La Plata County, the plaintiff and Isaac Kruschke, one of said defendants, entered into a contract; then follows a copy of the contract, which includes matters pertaining to pianos, certain schemes of advertisement, publication in newspapers, etc., in connection therewith; all to be performed at Durango, in La Plata County. Under certain conditions named, the defendant, Kruschke, agreed to pay to the plaintiff, at the city of Lamar, Colorado, the sum of $204.00; it was dated August 10, 1906, and purported to be signed at Durango, Colorado.

The complaint further alleged that, upon the 11th day of September, 1906, for value received from this plaintiff by said defendant, W. M. Jones, he guaranteed and agreed to pay plaintiff the amount due or to become due upon said contract; said guaranty being in writing, and was upon the back of the Kruschke contract, as follows:

"9-11-06. For value received, I hereby guarantee payment of within contract, when due, and I assume joint liability with the maker, I. Kruschke."

Performance of the contract by the plaintiff was alleged, and judgment prayed for the amount due.

The defendant, W. M. Jones, accepted service of the summons at Denver, the defendant, Kruschke was served in La Plata County, and he thereafter filed his motion for a change of venue, and, upon the same day, filed a demurrer to the complaint; the former prayed to change the place of trial from the

city and county of Denver to La Plata County, and, for grounds set forth that this defendant has been, for more than twenty years last past, and is now, a resident of La Plata County; that service of summons was made upon him in said county, as shown by the return; that the alleged contract sued upon is not specifically made payable in Denver. The plaintiff filed his answer to the motion for change of venue, setting forth that there are two defendants, and only one had made application for said change, etc. The motion for change of venue was overruled. The demurrer was also overruled. The defendant, Kruschke, elected to stand upon his motion and demurrer; judgment was entered in favor of the plaintiff, and the action is here for review upon error.

The second and third grounds of demurrer were:

"(II.)   That it appears on the face of said complaint that there is a misjoinder of parties defendant therein.

"(III.)   That it appears on the face of said complaint that there is a misjoinder of causes of action therein."

The questions raised by the demurrer are decisive of the other. It will be noted that the guaranty was executed some time after the execution of the contract, and, so far as the pleadings disclose, had no connection with it, and was for a separate consideration; hence, the question is, whether the original contract and the contract of guaranty constitute two separate and distinct contracts, to which there are different parties, which and who cannot be joined in one action. There can be no question that, at common law, they were separate and distinct contracts; but it is urged that section 13 of our code is authority for this action, and counsel claim that the statement in the guaranty written on the contract, as follows: "I assume joint liability with the maker,

I. Kruschke."—makes the defendant, Jones, liable upon the same instrument with the defendant, Kruschke, as he thereby assumes joint liability. We cannot agree with this conclusion, nor do we think that section 13 of our code was intended to cover a case of this kind. Mr. Jones was not a party to this instrument, nor assignee of any one connected with it; so far as the pleadings disclose, he was a stranger to the transaction. The contract between the plaintiff and the defendant, Kruschke, was complete upon the date of its delivery. It made no provisions for sureties or joint liability by others, and none were to be furnished or assumed. The contract between the plaintiff and the defendant, Jones, executed one month later, was a separate contract; its language implies this, for it says: "For value received, I hereby guarantee payment of within contract, when due," which refers to another contract from that which he was entering into. The fact that his contract is written upon the back of the other does not make it a part of the same obligation. A stranger to a contract cannot become a party to it without the consent of both parties, nor can he become a surety without such consent within the meaning of section 13 of our code, which, in this respect, applies only to persons jointly or severally liable upon the same instrument, including parties to bills of exchange and promissory notes and sureties on the same or separate instruments, and not to the independent volunteer guarantor of the payment of the instrument executed by other parties.—*Shropshire v. Smith et al.*, 37 S. W. (Tex.) 470.

Cases pertaining to parties including the indorsers of negotiable instruments, sureties furnished by the makers of contracts, the assignors thereof, etc., brought under our or similar code provisions, have no application to the facts here. It follows that the

court erred in overruling the demurrer, as well as the motion to change the place of trial. Similar conclusions have, in substance, been approved in the following cases: *Mowery v. Mast,* 9 Neb. 445; *Harris v. Eldridge,* 5 Abbott's New Cases (N. Y.), 278; *Barton v. Speis,* 5 Hun. (N. Y.) 60; *Stewart et al. v. Glenn,* 5 Wis. 14; *Adams v. Wallace,* 119 Cal. 67; *Brewster v. Silence,* 8 N. Y. 207; *Shropshire v. Smith et al.,* 37 S. W. (Tex.) 470.

The judgment is reversed, and the cause remanded, with directions to sustain the demurrer and grant the motion.      *Reversed and remanded.*

Chief Justice Campbell and Mr. Justice Musser concur.