GEORGE B. MEE et al.,. Respondents, *v.* JAMES McNIDER,. Appellant.

Plaintiffs contracted to sell and defendant to purchase certain goods, to be shipped by steamer from Bahia to New York, for a price specified, which the contract stated was to include cost, freight and insurance. In an action to recover the price specified, *held*, that under the contract defendant took the risk of the voyage, and the fact that the goods arrived in New York in a wet and damaged condition did not authorize him to refuse to accept them, and was no defense that the shipment was an effectual appropriation of the goods to the buyer and a performance of his contract on the part of the vendor.

(Argued April 23, 1888; decided June 5, 1888.)

APPEAL from judgment of the General Term of the Supreme Court in the first judicial department, entered upon an order made January 7, 1886, which affirmed a judgment in favor of plaintiff, entered upon a verdict directed by the court. (Reported below, 39 Hun, 145.)

This action was brought to recover damages for the breach of a contract of purchase of a quantity of cocoa.

Upon defendant's refusal to receive and pay for the goods they were sold on his account, and the difference between the purchase-price and the net proceeds of sale plaintiff sought to recover.

The material facts are stated in the opinion.

*Adolph L. Sanger* for appellant.   The contract was not completed until the delivery in New York to defendant of prime or merchantable goods.   (Benjamin on Sales, § 491; *Dunlap* v. *Lambert*, 6 Cl. & F. 600; *Rodgers* v. *Phillips*, 40 N. Y. 525; *Allard* v. *Greasert*, 61 id. 5.)   Upon all the facts, it was *for the jury* to determine whether defendant was justified in his refusal to accept.   (*Anderson* v. *Read*, 106 N. Y. 333.)   If the goods were sold on condition that defendant was to furnish cable credit, or to pay banker's commission before the goods should be shipped, then plaintiffs waived that condition by shipping goods without having previously exacted performance by defendant.   (*Smith* v. *Lynes*, 5 N.Y. 41; *Comer* v. *Cunningham*, 77 id. 391; *Parker* v. *Baxter*, 86 id. 586; *Croninger* v. *Crocker*, 62 id. 151, 158; Benjamin on Sales, § 1042, note.)   The defendant was justified in rejecting the goods when, upon their arrival, he found that a considerable portion was damaged.   It was a condition precedent that the goods should answer their description.   (2 Benjamin on Sales, §§ 858, 887, 918, 966, note; *McCormick* v. *Sarson*, 45 N. Y. 265; *Gaylord Mfg. Co.* v. *Allen*, 53 id. 515, 519; *Day* v. *Pool*, 52 id. 416; *Gurney* v. *Atlan. & G. W. R. Co.*, 58 id. 358; *Howard* v. *Hovey*, 23 Wend. 350; *Newbery* v. *Wall*, 35 Supr. Ct. 106; 34 Barb. 204; *Gardner* v. *Gray*, 4 Camp. 144.)   The plaintiffs were bound to deliver to the defendant, before they were entitled to recover upon their contract, the bill of lading together with the policy of insurance.   (*Hickox* v. *Adams*, 34 L. T. [N. S.] 404; 2 Benjamin on Sales [4th Am. ed.], § 891; *Ireland* v. *Livingstone*, L. R. 5 H. L. 395–410.)   It is only where there is no evidence in law which would sustain a verdict for the defendant that the court would be justified in directing a verdict for the plaintiffs.   (*Stone* v.

*Flower*, 47 N. Y. 566; *Clemence* v. *City of Auburn*, 66 id.. 334; *Frecking* v. *Rolland*, 53 id 442; *Trustees of East. Hampton* v. *Kirk*, 68 id 459; *First Nat. Bank* v. *Dana*, 79 id 108.)

*Wheeler H. Peckham* for respondents. On a contract for the purchase of goods, to be sent to defendant by a carrier, delivery is complete when the goods are delivered to the carrier or appropriated to the buyer. (*Krulder* v. *Ellison*, 47 N. Y 37; *Gilbert* v. *N. Y. C. R. R. Co.*, 4 Hun, 378; 2 Benj. on Sales [ed. 1884], 908, § 1040, note 23.) The carrier is the bailee of the person to whom, not by whom, the goods are sent. (1 Benj. on Sales, 446, §§ 513–517.) The terms of the contract conclusively show that the buyer was to take the risk of the transit. (*Harrison* v. *Williamson*, 2 Edw. Ch., 430; *Neal* v. *Whitworth*, L. R., 1 C. P. 684; *Oleaga* v. *West, etc., Co.*, L. R., 4 Q. B. D. 472; 2 Benj. on Sales [4th Am. ed., 1884, by Corbin], 773, §§ 891, 892.)

DANFORTH, J. The agreement between the parties was in these words : ·

"NEW YORK, *January* 3, 1882.

"Sold for account of Mee, Billings & Co., London, to James McNider, five hundred (500) bags prime fermented Bahia cocoa, at 59 s. per cwt., C. F. & I., by steamer to N. Y., buyers to furnish cable credit or pay bankers' commission.

"ARTHUR R. KYTE,
                               "*Broker.*"

Plaintiffs proved that 500 bags of cocoa of the quality and description specified were shipped on board a steamer which, on arrival at New York, defendant refused to receive and pay for, because a portion had been wet and damaged on the voyage.

The answer admits that the letters "C. F. & I." mean "to include cost, freight and insurance," and the question is, who, under the contract, took the risk of the voyage? The relation between the parties was that of vendor and vendee. The

former, residing in London, undertook to sell, and the latter, residing in New York, undertook to buy the article named. The price is fixed at fifty-nine shillings per cwt., and this is made up of the cost, the freight and the premium of insurance. Thus the purchaser deals with the matter in gross, and not in detail, transacts the various branches of the business with one person instead of three, fixes his liability at a lump sum, and in case of loss will recover the amount of his interest under the policy.

On the other hand, the vendor is to be reimbursed for his advances at the same time and in the same manner that he receives payment for the goods. Only one condition is to be performed, that of shipment by steamer. The case differs in that respect from *Ireland* v. *Livingstone* (L. R. [5 H. L.] 395, cited by the appellant from Benjamin on Sales, § 590 [ed. of 1875]), where payment of freight was postponed until the arrival of the goods and the balance of the price, " on having handed to him (the buyer) the charter party, bill of lading and policy of insurance," which might well happen before the arrival of the vessel. But even that case throws the risk of damage at sea upon the buyer, for he engaged to pay a fixed price in consideration of the shipment in a prescribed manner, and except the freight, without reference to its actual delivery.

In the case before us there seems no ambiguity. On the part of the vendor the shipment by steamer was an effectual appropriation of the cocoa to the buyer, and at that moment the agreement on the vendor's part was executed. The plain obligation of the purchaser, as defined by the written contract then attached, and he was bound to accept and pay for the cargo at the price named and in the manner specified. It necessarily follows that injury to the cocoa during the voyage was no excuse for non-performance, and as the amount due, if anything, was conceded, there was no evidence which required the submission of the case to the jury.

It is, however, argued by the appellant, that the trial court erred in overlooking the circumstance that " no bill of lading and no policy of insurance had been delivered to the defend-

ant." If there was default in that respect, the point was not taken at the trial, the only contention upon the facts being "that the goods were not in prime condition, were not merchantable when they came," and a contention upon the law that in consequence of that defect the defendant was relieved from liability.

The judgment appealed from should be affirmed.

All concur except PECKHAM, J., not sitting.

Judgment affirmed.