## LITTLEJOHN et al. v. SHAW et al.

(Supreme Court, Appellate Division, First Department. June 5, 1896.)

OPINION EVIDENCE—IMPORTED ARTICLES—CONDITION OF SHIPMENT.

Whether gambier to be shipped from Singapore to New York was "shipped free," as provided by contract of sale, may be proved by the opinion of experts on its condition after arrival.

Appeal from court of common pleas, trial term.

Action by Lomax Littlejohn and others against Daniel A. Shaw and others. From a judgment for plaintiffs entered on a verdict, and from an order denying a motion for a new trial on the minutes, defendants appeal. Affirmed.

The action was brought to recover damages for the refusal by defendants to accept and pay for 25 tons of No. 1 cube gambier, sold by plaintiffs to defendants. The contract of sale was in writing, in the form of a bought and sold broker's note, wherein it was provided that the sale was of about 25 tons No. 1 cube gambier, to be shipped free in bags, tare two pounds per bag, February, March, April, 1893, sail shipment at Singapore for New York, deliverable here ex vessel, usual good, merchantable quality and condition, at 6¼ cents per pound, payable net cash on delivery, in gold or its equivalent. Sound, to be taken; damaged, if any, to be rejected on dock at the time of delivery. No arrival, no sale. It was dated March 4, 1893. The complaint alleged that the property arrived in New York about September 13, 1893, and the plaintiffs were then ready to deliver it to the defendants, at the time agreed on, and tendered such delivery; and the defendants refused to accept the same, or to pay for it, pursuant to the agreement. The answer denied the sale, arrival, and tender of the delivery, and refusal to accept the property, and alleged that the defendants were ready to carry out the terms of the contract on their part, but the plaintiffs utterly failed to perform the conditions of the contract on their part, or to tender or deliver the property of the kind, quality, or condition specified in the contract. It appeared upon the trial that, upon the arrival of the property in New York, the plaintiffs sent to the defendants, under the date of September 13, 1893, a delivery order for the property. The defendants returned the order to the plaintiffs with the indorsement thereon, "Rejected; not good, merchantable," and wrote plaintiffs, under the date of September 13, 1893, that they rejected the property for two reasons: (1) Because not good, merchantable quality; (2) because not in good, merchantable condition. Thereafter, under the date of September 14, 1893, the plaintiffs wrote defendants, in reply to the rejection, that plaintiffs declined to accept such rejection, and requested that the matter be left to arbitration, as customary, the losers to pay the expenses of such arbitration, and asking for a prompt reply. No reply was received by plaintiffs to this letter. Thereafter, and under the date of September 26, 1893, the plaintiffs notified the defendants that the plaintiffs would sell the property for the account and risk of defendants, at public auction, by Boudett & Dennis, auctioneers, on the 3d of October, 1893, at 12 noon, and would hold defendants responsible under the contract for any difference between the contract price and the amount realized on the sale over and above costs and expenses of the sale and charges for storage and insurance. The court submitted the case to the jury, charging them that the plaintiffs' right to recover depended upon whether the property was shipped at the time agreed upon, free in bags, and was of good, merchantable quality and condition at the time delivery thereof was tendered to and rejected by the defendants. There was evidence as to these questions of fact given on the trial. There was a motion made to dismiss the complaint at the close of the plaintiffs' evidence, but no motion to dismiss or nonsuit, at the close of all the evidence, no objection to the submission of the case to the jury, and no substantial exception to the charge as made. The jury rendered a verdict for the plaintiffs for the damages claimed, $451.33, with interest.

Argued before VAN BRUNT, P. J., and WILLIAMS, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

Francis A. Winslow, for appellants.

Frederic G. Dow, for respondents.

WILLIAMS, J. It seems to us there was evidence sufficient to authorize the jury to find in favor of the plaintiffs upon the questions submitted to them. The evidence with reference to the property having been shipped free was not given by witnesses who were present and examined it before shipment. Such evidence would hardly be expected. Some evidence was, however, given by the opinion of an expert that, judging from its condition after its arrival here, he should say it was, in his opinion, shipped free, and there was considerable evidence as to its condition after its arrival here. This was enough to justify a finding of the fact of a shipment free. No evidence was given on the part of the defendant to contradict this proof, except evidence as to its condition after its arrival here. The finding by the jury was authorized upon the evidence, taken altogether. There was evidence by the bill of lading as to the time of the shipment. There was considerable conflict in the evidence as to the quality and condition of the property after its arrival here, and down to the time of the sale at auction. The facts to be found from all this evidence were properly submitted to the jury. Various exceptions were taken by the defendants to the admission of the evidence of experts as to the quality and condition of the property. The witnesses were shown to be experts as to such property, and their opinions as to its quality and condition were therefore clearly competent. There was but a single exception to the charge, and that was without merit.

The judgment and order appealed from should be affirmed, with costs. All concur.