MARTIN v. SCLAFANI et al.

(Supreme Court, Appellate Term, First Department. May 22, 1916.)

1. SALES ⬾77(2)—CONSTRUCTION OF CONTRACT—FREIGHT.

Where defendants, in New York, contracted to buy beans of a firm in Germany, the price being referred to in the contract, which expressly stated that the insurance should be paid by the buyer, as "price at nineteen shillings and six pence per cwt. of 112 lbs., cost and freight at New York," in the absence of proof by experts in the business showing a contrary meaning, such contract provided that the price included the freight.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 210, 212; Dec. Dig. ⬾77(2).]

2. EVIDENCE ⬾519—EXPERT EVIDENCE.

In an action by the assignors of the sellers of beans, in Germany, against the buyers, in New York, expert testimony, offered by the buyers in support of their counterclaim, that the defects in the beans on arrival in New York were caused in their cultivation, production, and handling, and existed at the time of shipment from Germany, was admissible.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 2328; Dec. Dig. ⬾519.]

Appeal from City Court of New York, Trial Term.

Action by Eugene P. Martin against Dominick Sclafani and others, copartners doing business under the firm name and style of Sclafani Bros. From a judgment entered on verdict directed on plaintiff's cause of action and on dismissal of defendants' counterclaim, and from order denying defendants' motion for new trial, defendants appeal. Judgment and order reversed, and new trial ordered.

Argued May term, 1916, before GUY, BIJUR, and COHALAN, JJ.

Samuel F. Frank, of New York City, for appellants.

Katz & Sommerich, of New York City (Maxwell C. Katz and Otto C. Sommerich, both of New York City, of counsel), for respondent.

GUY, J. Defendants in February, 1913, through a broker, made two written contracts with plaintiff's assignors, Dinesmann & Fresser, of Konigsberg, Prussia, for the purchase of certain cannellini beans. The contracts were alike in form; but the first one, dated February

15, 1913, called for 300 bags to be shipped in equal proportions in February and March, and the second one was for 200 bags to be shipped in equal proportions during April and May. The beans covered by the first contract were shipped and paid for by the defendants in the manner provided in the agreement. Defendants claim that these beans were soft, moldy, and water-soaked, and their counterclaim was based on these shipments under the first contract. Defendants refused to open a new letter of credit for the second contract, and the plaintiff's cause of action is founded on defendants' breach of the second contract; the complaint alleging that the 200 bags covered by the second contract had been resold through a broker at the market in Konigsberg on May 28, 1913, at a price f. o. b. Konigsberg which left a deficiency of over $800, to recover which the suit was brought.

[1] The purchase price of the beans is referred to in the contract as follows:

"Price at sh. 19/6 [nineteen shillings and six pence] per cwt. of 112 lbs. cost and freight at New York."

The defendants claimed on the trial that by the terms of this contract plaintiff's assignors were required to pay the freight, and, as there was no evidence of what the charge was for freight, moved to dismiss the complaint; but the trial judge construed the contract as requiring defendants to pay the freight, to which ruling defendants excepted. This was error. In the absence of proof by experts in the business showing a contrary meaning, the construction of the contract must be that the price includes the freight.

In Mee v. McNider, 109 N. Y. 500, 17 N. E. 424, the sale was "at 59 s. per cwt., C. F. & I., by steamer to N. Y."; the answer admitted that "C. F. & I." meant "to include cost, freight and insurance"; and the court said (109 N. Y. 503, 17 N. E. 424):

"The price is fixed at 59 shillings per cwt., and this is made up of the cost, the freight, and the premium of insurance. Thus the purchaser deals with the matter in gross, and not in detail, transacts the various branches of the business with one person, instead of three, fixes his liability at a lump sum, and in case of loss will recover the amount of his interest under the policy."

It is expressly stated in the contract in suit that the insurance is to be paid by the buyers, and it is evident that, if the buyers were also to pay the freight, a statement to that effect would also be explicitly made in the agreement.

[2] Upon plaintiff's objection the court excluded evidence offered by defendants in support of their counterclaim as to the condition of the beans purchased under the first contract when they arrived in New York; the objection and ruling being based on the ground that the proof should be limited to the condition of the beans at the time of their delivery to the steamer at Konigsberg, and that the allegations of the complaint as amplified by the bill of particulars did not warrant such proof. A careful reading of the complaint and the bill of particulars leads to the conclusion that the construction put upon them was too narrow and that the exclusion of the testimony was erroneous. Of course the shipment was at the risk of the defendants; but

it was practically impossible for them to examine the beans at Konigsberg, and defendants' counsel offered to show by expert testimony that the defects which were in the beans when they arrived here were caused in the cultivation, production, and handling of the beans, and existed at the time of their shipment by plaintiff's assignors at Konigsberg. Expert testimony of a like character was given on the trial, and the rulings permitting it sustained on appeal, in Littlejohn v. Shaw, 6 App. Div. 492, 39 N. Y. Supp. 595, affirmed 159 N. Y. 188, 53 N. E. 810.

It follows that the judgment and order should be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.