MAX JACOBSEN, Doing Business as MAX JACOBSEN AGENCY, Plaintiff, *v.* AUSTIN BOND, Doing Business under the Trade Name of BOND BROTHERS & Co. (OF NEW YORK), Defendant.

Supreme Court, New York County, October 7, 1925.

Sales — action to recover amount of inland transportation charges paid upon shipment of baled paper " c. i. f. & c. Guatemala City " from New York city — defendant cabled acceptance of plaintiff's orders day prior to dispatch of letter, reciting acceptance of order " c. i. f. Guatemala "— defendant accepted order c. i. f. Guatemala City and is obligated to pay freight to destination of shipment — defendant liable to plaintiff as agent, for reimbursement of inland transportation charges — plaintiff entitled to amount expended in absence of limitation as to amount to be charged against defendant.

Plaintiff, a commission agent, through whom, on a commission, defendant sold a consignment of baled paper, is entitled to recover the amount of inland transportation charges paid upon the shipment from New York city to a port call of Guatemala and thence inland to Guatemala City where defendant offered plaintiff's customers said consignment " c. i. f. & c. Guatemala City " and subsequently cabled plaintiff, upon receipt of two orders, that said orders were accepted, followed by letter stating that orders were accepted " c. i. f. Guatemala," since defendant's obligation under the contract was to pay the freight to the destination.

Defendant's cable to the plaintiff, accepting the offer, preceding a letter confirming said acceptance " c. i. f. Guatemala " should be construed as a written acceptance within the terms of defendant's offer and obligates the defendant to pay the freight charges inland from a port of call in Guatemala to Guatemala city.

Moreover, defendant is liable to plaintiff for the inland transportation charges, in view of defendant's express promise to reimburse plaintiff therefor. Defendant's defense of lack of consideration is without force, particularly where plaintiff was defendant's agent, under express authority to make certain expenditures, and having complied with his instructions in good faith, he is entitled to reimbursement.

The absence of any limitation in defendant's letter promising reimbursement as to the amount defendant was willing to pay for transportation charges, does not preclude plaintiff from recovering the principal sum expended.

ACTION by foreign commission agent involving payment of transportation charges.

*Clark, Reynolds & Hinds* [*Leonard J. Reynolds* of counsel], for the plaintiff.

*John L. Stoneham*, for the defendant.

LEVY, J.:

The plaintiff in this action, a commission agent in Central America, received a letter from the defendant, a dealer in baled newspapers, dated January 17, 1921, offering to sell to plaintiff's customers merchandise of this character at fifty-five dollars per short ton c. i. f. & c. Guatemala City, the second c, standing for five per cent commissions to the plaintiff. In February the latter sent two orders, one from Perez of Guatemala City for 200 bales, the other from Kosak of the same place for 100 bales, at the price and terms quoted. Plaintiff forwarded these " as per your letter of January 17, 1921, subject to acceptance." On March 22, 1921, the defendant cabled to the plaintiff in Guatemala: " Shipping both orders in April." This was followed by a letter one day later confirming the acceptance, and containing the information that the orders were accepted " c. i. f. Guatemala " plus commission. The goods were shipped by the defendant freight prepaid to San Jose, a Pacific port in Guatemala. Prior thereto the purchasers had arranged credits for payment with a banking house in New York, but upon the arrival of the merchandise at the seaport they were obliged to pay inland transportation charges, for which they made a claim for reimbursement.

But before this claim was made, and while the goods were still at sea, the plaintiff, who was in New York at the time, had a conversation with the defendant, as a result of which the latter sent a letter to the former, dated June 16, 1921, which reads in part as follows: " At the time we quoted you prices on these lots it was understood Guatemala's ports of call, not Guatemala City as claimed by Mr. Jacobsen. However, as we do not wish to inconvenience customers in the least we have agreed to pay the inland transportation from San Jose to the capital, and it will be agreeable to us that you reimburse Mr. Kosak and Mr. Perez for freight charges covering these particular shipments, sending us railroad receipts with a sight draft attached, and will see that it is paid upon presentation."

Plaintiff accordingly drew draft on the defendant in favor of the

customers totaling $1,384.68, the amount of the actual outlay, and with the receipted bills attached presented them for acceptance and payment to the defendant. Upon their dishonor the plaintiff took up the drafts and brought suit for reimbursement.

The defendant's obligation under the c. i. f. contract was to pay the freight to destination. (*Seaver* v. *Lindsay Light Co.*, 233 N. Y. 273.) But his contention is that the point of destination was a port in Guatamala and not the inland city of that name. True he admits that the original price quoted was c. i. f. Guatemala City, but he argues that as this quotation was subject to written acceptance and the letter of March twenty-third which he claims constituted such acceptance, mentioned c. i. f. Guatemala, he was bound to pay the charges only to a Guatemala port. The difficulty with this argument is that the cable preceding the letter must be construed as an acceptance in accordance with the terms of the order. It was a " written acceptance " within the terms of defendant's letter of January 17, 1921; and even if a designation of " Guatemala " in the letter of March twenty-third be construed favorably to the defendant as meaning a point on the seaboard and not Guatemala City, it can have no effect on the contract which ripened into such with a prior cable of March twenty-second.

Moreover, it is impossible to disregard the defendant's express agreement to reimburse the plaintiff for the inland transportation charges. This is not denied by the defendant who contends, however, that his promise to indemnify the plaintiff was without consideration. But neither the ordinary principles of contract nor the special principles of accord and satisfaction have any application here. The plaintiff was defendant's agent. As such he was expressly authorized by his principal to make certain expenditures. He complied with instructions in good faith and is entitled to reimbursement. The question of consideration does not, therefore, enter.

The defendant's chief grievance apparently is that the charges were excessive, and he is willing to pay what he considers a reasonable outlay. But there was no such limitation in defendant's letter of June sixteenth; and the evidence does not challenge either the rightfulness of these charges or the fact that they were paid by the plaintiff. The latter is, therefore, entitled to recover the sum of $1,619.39, which represents the principal sum demanded with interest to the trial, and according to the stipulation under which the cause was submitted to the court, let judgment in that sum be entered accordingly.