No. 10,723.

THE PEOPLE, EX REL. BURTON *v*. DISTRICT COURT OF THE TWELFTH DISTRICT.

Decided October 1, 1923.

Petition for writ of prohibition.

*Writ Allowed.*

1.  VENUE—*Contract.*  In an action on contract, no place of performance being expressly specified, the action should be tried in the county where defendant resides unless the case is brought within some of the exceptions of the statute.

2.  PROHIBITION—*Venue.*  In an action on contract, it appearing that defendant was entitled to have the case tried in the county of his residence, prohibition is allowed against the trial in another county.

*Original Proceeding.*

Messrs. ALLEN & WEBSTER, for relator.

Mr. V. H. MILLER, Mr. S. W. BURFORD, for respondents.

*En banc.*

MR. JUSTICE DENISON delivered the opinion of the court.

PETITION for prohibition.  An order to show cause was

granted. The plaintiff, a corporation doing business in Del Norte, brought suit in Rio Grande county against the defendant, who does business in Denver, and resides there, and was served in Denver. A motion for change of venue was denied. The plaintiff's complaint shows that it sold two carloads of potatoes to the defendant to be paid for by draft on the defendant through its bank. The potatoes were shipped from Del Norte to Denver, and plaintiff complains that the defendant refused to accept or pay for them. The plaintiff was obliged to sell them at a sacrifice and asks for damages.

This is a typical case of what would be special assumpsit at common law. It is therefore an action upon a contract, and is for damages for breach thereof. No place of performance by defendant seems to have been specified, expressly and therefore discussion of place of performance is irrelevant. *People v. District Court*, 66 Colo. 330, 182 Pac. 7; *Brewer v. Gordon*, 27 Colo. 111, 113, 59 Pac. 404, 83 Am. St. Rep. 45; *Maxwell-Chamberlain Co. v. Piatt*, 65 Colo. 140, 145, 173 Pac. 867.

The general rule is that the action shall be tried in the county where the defendant resides, unless the case is brought within some of the exceptions in the statute. There appears to be none in this case. The peremptory writ should be granted.

The respondents point out the provisions of the Code that actions on book accounts or for goods sold and delivered may be tried in the county where the plaintiff resides, or where the goods were sold, but this is not such an action. They also say that an action upon contract may be tried in the county in which the contract was to be performed; but, as noted above, there was no express provision and if there were, that part of the contract which was broken, viz., to receive and pay for the potatoes, was to be performed in Denver. The case of *People v. District Court*, *supra*, is controlling here.

Prohibition granted.

MR. JUSTICE ALLEN not participating.