## No. 10,713.

### ALLEN, ET AL. v. GILMAN, ET AL.

Decided October 1, 1923.

Action for balance due on the purchase price of an automobile. Judgment for plaintiffs.

*Affirmed.*

*On Application for Supersedeas.*

1. APPEAL AND ERROR—*Questions First Presented on Review.* A defendant partnership which answers a complaint and participates in the trial, cannot be heard for the first time in the appellate court to contend it was not a party, nor can it escape a judgment against it, if there is evidence to sustain it, and the record is otherwise free from reversible error.

2. SALES—*Parties Interested.* Evidence reviewed and the contention that only one of several defendants was interested in the transaction involved in the litigation, overruled.

3. ATTACHMENT—*General Court Finding—Effect.* A general finding of the trial court sustaining an attachment will not be disturbed on review, if there is sufficient evidence to sustain any of the alleged grounds of attachment.

4. APPEAL AND ERROR—*Attachment—Sufficiency of Evidence.* Evidence reviewed and the contention that the grounds of attachment were unsupported by the evidence, overruled,

*Error to the District Court of Pueblo County, Hon. James A. Park, Judge.*

Messrs. DEVINE, PRESTON & STORER, for plaintiffs in error.

Mr. H. E. BRAYTON, for defendants in error.

*En banc.*

MR. JUSTICE BURKE delivered the opinion of the court.

THE above named parties appeared in reverse order in the trial court and are hereinafter designated as there.

Plaintiffs sold to the defendants, or some of them, an automobile for $1005.90. This action was brought for an unpaid balance of $555.90. Certain property was taken under writ of attachment and redelivered. The grounds of attachment alleged in the affidavit were: (1) That defendants failed and refused to pay the price which should have been paid upon delivery; (2) that defendants procured the property by false representations. A jury was waived and the cause tried to the court which found generally for plaintiffs on both debt and attachment. Judgment was entered against Lois Allen, James D. Allen, Frank W. Allen and The Allen Printing Company. To review that judgment all the defendants prosecute this writ, and ask the issuance of a supersedeas.

Defendants contend that the judgment was improperly entered against the copartnership because the action was not against it, that there is no evidence to support a judgment against any defendant save Lois Allen, and no evidence to support the attachment.

The complaint is entitled: "George C. Gilman and R. N. Salyer, Copartners doing business under the Firm Name and Style of The Gilman-Salyer Motor Company, Plaintiffs. vs. Lois Allen, Hudson Allen, James D. Allen and Frank W. Allen, Copartners doing business under the Firm Name and Style of The Allen Printing Company, Defendants."

The complaint recites: "That the defendants now are, and at all times hereinafter mentioned, have been co-

partners doing business in the city of Pueblo, County of Pueblo and State of Colorado, under the firm name and style of The Allen Printing Company."

Thereafter in the body of the complaint the defendants are not separately named but are referred to as "the defendants."

The findings of the court recite: "And it further appearing to the court that personal service was had upon all of the said defendants, except the defendant Hudson Allen, and that the plaintiffs are entitled to a judgment herein against the said, The Allen Printing Company and the individual defendants served herein."

Why Hudson Allen is excluded from this judgment is not clear to us. It is true he was not served, but he joined in the answer filed; counsel representing the other defendants appeared also for him; specific objections appear in this record on behalf of certain defendants, including Hudson Allen and particularly naming him therein; two of the assignments of error read; "The court erred in overruling the objection of the defendants Hudson Allen," etc.; and in the appearance here, in the assignments of error, in the application for supersedeas, and briefs, his name is not excepted. No objection was made or exception saved to the ruling of the trial court excluding Hudson Allen from the judgment entered, hence in that particular it will not be interfered with, but we shall treat the cause otherwise as though the judgment had gone also against him.

Defendants say that a partnership may be sued either under section 14 of our Civil Code by its common name, in which event the judgment binds only the joint property and the separate property of the parties served, or by an action against all the individual partners jointly, in which case all must be served and the judgment must be a joint judgment against all. They insist that the latter method is the one here followed hence no judgment can stand against The Allen Printing Company. Assuming that this position is otherwise correct, what we have heretofore said concerning Hudson Allen disposes of it. Plaintiffs, how-

ever, contend that they followed the course provided by the Code and that this complaint is to be distinguished from that in *Peabody v. Oleson*, 15 Colo. App. 346, 62 Pac. 234, and similar cases, in that here, in addition to the description in the caption, the body of the complaint itself alleges that defendants were "copartners doing business under the firm name and style of The Allen Printing Company." The most that can possibly be said against this position is that the intention to sue the partnership itself under its firm name was in doubt. That doubt defendants themselves disposed of. Three of the individual partners were served. The other appeared and The Allen Printing Company appeared and has continued to appear throughout the proceedings, including those in this court, and the question is here raised for the first time. We find in this record the "separate answer of Hudson Allen, James D. Allen and Frank W. Allen and The Allen Printing Company." That answer begins as follows: "Comes now James D. Allen, Hudson Allen and Frank W. Allen and The Allen Printing Company and for answer to the plaintiffs complaint filed herein says," etc.

The Allen Printing Company, having thus construed the complaint, answered in the action, participated in the trial, and suffered a judgment against it, can not be heard for the first time in this court to contend that it was not a party, nor escape that judgment if there is evidence to sustain it, and the record is otherwise free from reversible error.

It is next contended that there is no evidence in this record to show that any defendant other than Lois Allen was interested in this transaction. With this we are unable to agree. Lois Allen is the mother of Hudson Allen, James D. Allen and Frank W. Allen. All were associated in The Allen Printing Company which published The Pueblo County Democrat, of which Lois Allen was the editor, and to promote the interests of which a contest had been held in which the automobile in question was awarded as a prize. Lois Allen deposited funds arising from this

contest to the credit of The Allen Printing Company and
made the payment of $450 by check on that account.
Plaintiffs had been doing business with The Allen Printing
Company for about two years, thought they were selling
the automobile to that firm, and kept their account with it.
When the car was delivered pretended payment in full was
made by Lois Allen by short check, and receipt to The
Allen Printing Company was delivered to her. When the
car was delivered the keys to it were handed to James D.
Allen and by him left with an employee of the printing
company. Lois Allen transacted practically all of the busi-
ness of the printing company. We think this and other
evidence ample to support the court's finding in this par-
ticular.

The next contention of defendants is that the grounds
of the attachment are not supported by the evidence.
Whether the court found that one or both grounds were so
supported we are unable to determine, but if the evidence
before us is sufficient to sustain either the judgment must
be affirmed. It is perfectly apparent that at least until the
very moment of the closing of the deal it was considered
by both parties as a cash transaction. There is evidence
to support the conclusion that the short check and receipt
were exchanged and the car delivered after banking hours
on Saturday and that not until the transaction was closed
did Mrs. Allen suggest that her account at the bank was
"a little short" of the amount necessary to cover the check,
i. e., $1005.90. It is undisputed that her account at that
time, and for three days following, did not exceed $28.71.
There is also evidence to the effect that she then asserted
there was money in the bank "in the contest fund," which
would be deposited on Monday, sufficient to cover the check
and plaintiffs replied, "All right." If the deal was closed
prior thereto it was a cash transaction and the first ground
of the attachment was thereby supported. Defendants in-
sist, however, that credit was thereby extended until the
following Monday. Assuming, but not deciding, that this
position is correct the second ground of the attachment is

established because there is evidence that said extension of credit, if such it was, was upon that condition and the said contest fund was in fact very considerably short of the amount necessary to meet the check. Hence it is impossible to say that the grounds of the attachment were unsupported by the evidence.

For the foregoing reasons the supersedeas is denied and the judgment affirmed.

MR. JUSTICE ALLEN not participating.