Thomson, J.
Lewie Oleson brought suit against E. G. Peabody and David Peabody, upon a claim of his own, and a number of other claims which had been assigned to him. The complaint described the defendants as partners doing business under the name of the Melvina Company. The action was commenced in Boulder county, and the complaint alleged that the contracts upon which recovery was sought, were all to be performed in Boulder county. Service of summons was made upon both of the defendants in Arapahoe county. The defendants moved for a change of the place of trial to the county court of Arapahoe county, on the grounds that they were residents of that county, and were served with process there. The application did not negative the averment of the complaint that the contracts were to be performed in Boulder county. The application was denied, and the defendant, David Peabody, answered. The other defendant made default. There was judgment against both defendants, and David Peabody appealed.
It is contended that the court erred in denying the application for a change of venue. Section 27 of the code makes provision for the trial of certain actions in the county where the defendants, or any of them, may reside at the commencement of the action, or in the county where the plaintiff resides, when service is made upon the defendant in such county; and by the terms of section 28, the court may, on good cause shown, change the place of trial, where the county designated in the complaint is not the proper county. The appellant relies upon those sections, and undertakes to fortify his argument by the opinion in the case of Pearse v. Bordeleau, 3 Colo. App. 351. As we shall presently see, this case differs from that, in one essential and controlling particular, so that the citation is irrelevant.
Section 27 of the code contains a provision, in addition to that we have mentioned, that actions upon contracts may be tried in the county in which the contract was to be per *348 formed. The complaint alleged that these contracts were to he performed in Boulder county. This allegation, which was sufficient in form, prima facie gave the court in Boulder county jurisdiction to try the cause, On the face of the complaint, that county was the proper county for trial. The application for a change of venue did not controvert the allegation. Such an application should negative the existence of facts which would confer jurisdiction; and if the supposition of jurisdiction is consistent with its statements, it is insufficient. The question of the county in which the contract was to he performed, was not in the case of Pearse v. Bordeleau, and, hence, the irrelevancy of the citation. The application was properly denied.
Having heard the evidence, the court directed a verdict for the plaintiff. In so doing, the appellant says it committed error. There was no conflict in the evidence. The defendants were shown to be mining partners, and, therefore, jointly liable for the indebtedness; the several claims were abundantly established; there was no dispute over their amount then, and there is none now. It was upon entirely other grounds that the defense was made below, and it is upon entirely other grounds that the appellant rests his case here. Upon the evidence, if the case should have gone to the jury at all, it was proper to direct a verdict.
The contention of the appellant is that the suit should have been brought against the partnership by its name; and that there was no authority for a judgment against the individuals composing the firm. It was upon this theory that he moved to dismiss the suit, interposed a motion for a nonsuit when the evidence was in ; made all his objections during the trial; and it is upon this theory that he now insists that the direction of a verdict was erroneous. His contention is grounded upon section 14 of the code, which is as follows: “ When two or more persons associated in any business, transact such business under a common name, whether it comprises the names of such persons or not, the associates may be sued by such common name, the summons in such cases being *349 served on one or more of the associates; but the judgment in such cases shall bind only the joint property of the associates and the separate property of the party served.” The above section only provided a method of suing a partnership in addition to the remedy then existing. It made the service of summons upon one partner sufficient to bring the partnership into court, and bind its property by the judgment. In such case no personal judgment could be obtained against the partners not served; and, as to them, the judgment rendered could bind only their interests in the partnership property. The judgment should be against the partnership, and in a proper manner the individual property of the member or members served, might be reached for the purpose of satisfying it. Craig v. Smith, 10 Colo. 220; Dessauer v. Koppin, 3 Colo. App. 115, and Appendix, p. 583. But this statutory remedy is cumulative merely. It was not intended to displace the other, The right, in case of a partnership liability, to sue all the members of the firm by their several individual names, and obtain a joint judgment against them as partners, .still exists. See Sawyer v. Armstrong, 23 Colo. 287, Davidson v. Knox, 67 Cal. 143, Bates on Partnership, § 1049, and Parsons, on Partnership (4th ed.), § 375. This was the remedy that the plaintiff selected.
• By their contract of partnership, the interests of the defendants in the results of their business were unequal, but the statutory provisions for limited partnerships were not followed, and hence their partnership was not a limited partnership. As between themselves the contract could be enforced, but it could not affect the rights of creditors. The partnei'S were jointly liable for the debts of the firm, notwithstanding the agreement inter se.
We are unable to find any objection interposed in this proceeding, from its commencement to the final judgment, that is well taken.
The judgment is affirmed.

Affirmed.