[No. 7135]

## Gould v. Mathes.

1. Practice—*Change of Venue*—Under Section 29 of the Revised Code an action upon contract may be instituted and prosecuted in the county where the contract was to be performed. Even though defendant resides in another county he is not entitled to a change of venue.

2. Pleadings—*Construed*—The complaint and summons were entitled in the County of Teller. The complainant alleged a contract to be performed "in the City of Victor," not specifying in what county. *Held*, on motion to change the venue, the court might take judicial notice that the City of Victor is situate in the county of Teller and construed the complaint accordingly.

*Error to Teller County Court.*—Hon. Thornton H. Thomas, Judge.

Mr. George B. Gould, for plaintiff in error.

No appearance for defendant in error.

Mr. Justice Garrigues delivered the opinion of the court.

1. Plaintiff began an action in the county court of Teller county, alleging that at the instance and request of the defendant he removed two wagon loads of filth and refuse from a vault situated at 117 South Fifth street, in the city of Victor, which services were reasonably worth $20.00, which was due and unpaid. Defendant resided in El Paso county, where he was served with summons. He

filed a motion, based upon section 27 of the code, for a change of venue, supported by an affidavit showing his residence was in El Paso county at the time of the commencement of the action; the service of process upon him there, and not elsewhere; that plaintiff performed no contract for him in Teller county at his request, or otherwise, and that he had neither requested plaintiff to perform any service, nor entered into any contract with him for the performance of services of any kind in Teller county. Plaintiff filed a counter affidavit to the effect that the premises mentioned are situated in Teller county; that defendant was there present at the time he employed plaintiff to perform the labor; that the contract was to be performed, and in fact was performed in that county by plaintiff, and that it could not have been performed or the services rendered in any other county. The court heard this issue as to the change of venue, and overruled the motion. Defendant brings the case here on error.

2. Section 27, Code, provides generally that actions shall be tried in the county of the defendant's residence; but it also contains modifications of, or exceptions to the general rule, one of which is to the effect that actions upon contract may be tried in the county where the contract was to be performed. It would have been proper for the plaintiff to have brought and tried the action in the county of defendant's residence; but he was not obliged to do so. He had a right to bring it in Teller county, and having done so, and the code expressly providing that if the action is upon contract it may be tried where the contract was to be performed, there was no error in denying the motion for a change of venue.— *Brewer v. Gordon,* 27 Colo. 111, 59 Pac. 404, 83 Am. St. Rep. 45; *D. & R. G. Co. v. Cahill,* 8 Colo. App. 158, 45

Pac. 285; *Peabody v. Oleson,* 15 Colo. App. 346, 62 Pac. 234.

3.   It is argued that the complaint does not negative the general requirement of the statute that the action shall be tried in the county of defendant's residence; that it alleges that the contract was to be performed at 117 South Fifth street, in the city of Victor, not Victor, Teller county, Colorado, and therefore does not plead the exception to the general rule.   The complaint reads: "State of Colorado, County of Teller."   The summons bears the same venue, and requires defendant to appear and answer an action brought against him in the county court of Teller county, Colorado.   We think under the circumstances, the court was justified in assuming that the place mentioned in the complaint was Victor, Colorado, and that it could take judicial notice that Victor, Colorado, was in Teller county.

The judgment of the lower court will be affirmed.

*Affirmed.*

CHIEF JUSTICE MUSSER and Mr. JUSTICE SCOTT concur.