### No. 8974.

### Maxwell-Chamberlain Motor Company *v.* Piatt.

1. PLEADINGS—*Conclusions of Law,* pleaded in the complaint are not to be taken as established facts, even though there be no answer.

The complaint averred that a contract which was set out *in haec verba,* was to be performed in Mesa County. There was nothing to this effect in the contract, and the proposition was denied by a motion to change the venue, supported by affidavit. Denial of the motion held error.

2. Venue—*Place of Performance of Contract.* Defendant, a corporation, whose principal place of business and principal office was in Denver, entered into a contract with plaintiff, who resided in Mesa County, to the effect that it would sell and deliver to plaintiff, at Denver, certain motor cars, and granted to plaintiff the exclusive right to sell these cars in specified counties of the western slope. Plaintiff agreed to deposit a sum specified with the defendant, as a guarantee, to be refunded at the expiration of the contract, if plaintiff had faithfully discharged his obligations thereunder. Save as above set forth there was no express provision as to where anything was to be done by defendant, under the contract. Action in Mesa County to recover the deposit. *Held* that the contract was to be performed in Denver, and defendant was entitled to change of venue to that county.

*Error to Mesa County Court, Hon. N. C. Miller, Judge.*

Messrs. Benedict & Phelps, for plaintiff in error.

Messrs. McMullin & Sternberg and Mr. H. Collins Hay, for defendant in error.

Mr. Justice Garrigues delivered the opinion of the court.

July 9, 1914, the Maxwell-Chamberlin Motor Company, a corporation of Denver, Colorado, plaintiff in error, entered into a written contract with Howard I. Piatt, of Grand Junction, Mesa County, Colorado, defendant in error, by which the Motor Company agrees to sell and deliver to Piatt, at Denver, Colorado, motor cars and trucks manufactured by the Thomas B. Jeffery Company of Kenosha, Wisconsin, for re-sale within Montrose, Delta, Mesa, Garfield and Rio Blanco Counties, Colorado, and grants him the exclusive right to sell them within such territory, to which the right is specifically confined. The contract provides Piatt shall deposit $300.00 as a guaranty with the Motor Company; that the deposit shall be refunded in cash at the expiration of the contract, if at that time the dealer (Piatt) shall have taken and paid for all cars ordered by him, and faithfully discharged all his obligations thereunder; that the jobber (Motor Company) shall have the option of applying any or all of the deposit on the payment

of any past due indebtedness; that all cars and trucks purchased by Piatt shall be paid for at the factory in Wisconsin, by sight draft, with bill of lading attached, and all parts ordered during each month are to be paid for in cash, on or before the 10th of each succeeding month; that the responsibility of the Motor Company for any and all loss or damage to cars, trucks or parts sold to Piatt, shall cease upon the delivery thereof by the manufacturer to the railroad, express company, or other carrier, or to Piatt's representatives at Denver, Colorado; and Piatt agrees to purchase from the Motor Company, at certain stipulated prices, Jeffery motor cars, for resale by him, upon his own account, within the restricted territory. No agency is established and he is not in any manner authorized or empowered to act for or on account of the Motor Company. Either party may terminate the contract at any time by written notice stating the reasons therefor. There is nothing in the contract, set out in *haec verba* in the complaint, stating where it is to be performed by the Motor Company, other than as above stated.

The complaint, which contains a double statement of the cause of action, alleges that Piatt resides and is doing business in Mesa County, under the trade name of the Western Slope Auto Company, and that the contract was to be performed there; that at the time he executed it, he deposited $300.00 in cash with defendant, which it accepted and has ever since retained; that he took and paid for all cars ordered under the contract and duly performed all the obligations and conditions thereof on his part stipulated to be performed; that defendant violated its terms by failing to furnish a car ordered on July 7, 1915, and he thereupon rescinded the contract in writing and demanded the return of the $300.00 deposit, which defendant neglected, failed and refused to do. There is another count for the same item or transaction, which is laid for money had and received, but it is the same cause of action and for the same recovery as the first count. It states that defendant re-

ceived from plaintiff $300.00 at Grand Junction, Colorado, to and for the use of plaintiff, repayment of which was demanded and refused.

Service of summons was made in Denver. In apt time defendant filed a motion for change of venue to the County Court of Denver County, upon the grounds that its principal office and place of business and only place of business is the City and County of Denver, and not elsewhere; that it resides in, and is a resident of, the City and County of Denver, which is the proper county for the trial of the case; that the contract is to be performed on its part in Denver, and not elsewhere; that it executed the contract in Denver, after its execution by plaintiff; and that the County Court of Mesa County is without further jurisdiction of the case, except to enter an order transferring it to the proper county for trial.

The motion was supported by the affidavit of the president of the company, upon whom summons was served, which states that he executed the contract on behalf of the company in Denver, after it had been executed by plaintiff; that all things to be done by defendant were to be performed, under the terms of the contract, in Denver; that the $300.00 was deposited with, and is held by defendant, in Denver; that defendant is a corporation organized under the laws of Colorado, and its articles of incorporation designate Denver as its principal place of business, and the place where its principal office is kept; that it never kept nor maintained an office anywhere except at Denver, and has at all times resided in and been a resident of Denver, and that service was had upon it in that city. This affidavit was not controverted, and no other evidence was taken on the motion.

The motion for a change of venue was denied, defendant elected to stand upon the motion and refusing to further plead, default was entered and judgment taken against it. Motion for a new trial was filed upon the ground that the court was without jurisdiction of the cause after the filing

of the motion for change of venue, except to enter an order transferring it to the proper county for trial, which motion was overruled.

The assignments of error challenge the ruling of the court in denying the motion for a change of venue, in attempting to exercise jurisdiction after filing the motion, overruling the motion for a new trial and giving and entering judgment.

*Opinion.*

As a general rule, under our code, personal actions are triable in the county of the defendant's residence at the commencement of the suit. Code, S. L. 1887, p. 102, § 27; *Brewer v. Gordon,* 27 Colo. 111, 59 Pac. 404, 83 Am. St. Rep. 45; *Woods Co. v. Royston,* 46 Colo. 191, 103 Pac. 291; *Kruschke v. Quatsoe,* 49 Colo. 312-316, 112 Pac. 769; *Gould v. Mathes,* 55 Colo. 384, 135 Pac. 780; *Price v. Lucky Co.,* 56 Colo. 163, 136 Pac. 1021; *Smith v. People,* 2 Colo. App. 99, 29 Pac. 924; *Pearse v. Bordeleau,* 3 Colo. App. 351, 33 Pac. 140; *D. & R. G. Co. v. Cahill,* 8 Colo. App. 158, 45 Pac. 285. To this general rule there are a number of exceptions, one being that actions upon contract may be tried in the county in which the contract was to be performed.

It appears without contradiction that defendant resided in Denver, and not elsewhere; that its principal office and place of business was kept in Denver; that it never maintained an office or place of business elsewhere; that service of process was made on it in Denver; and that the contract was executed by defendant in Denver subsequent to its execution by plaintiff. So under the code and authorities cited, the case is triable in Denver, the county of defendant's residence, and where it was served with summons, unless the action is brought upon a contract which defendant was to perform in Mesa County, bringing it within the exception.

The complaint alleges that the contract by its terms was to be performed in Mesa County, where plaintiff at the time was doing business under the trade name of "Western

Slope Auto Company." But this allegation is not controlling in the face of the contract itself, set out in *haec verba* in the complaint, taken in connection with the uncontroverted affidavit in support of the motion for a change of venue; and the court heard no other evidence. In such a case, mere conclusions of law pleaded in the complaint are not to be taken as established facts, though they are not denied by any answer, or there has been a default for want of an answer. There is nothing specified in the contract, which defendant agrees to perform in Mesa County. There is nothing in the contract showing that it is to be performed by defendant in any county different from the county of its residence. It grants plaintiff the right to sell Jeffery motor cars, which defendant agrees to sell and deliver to plaintiff at Denver for resale in a designated and restricted territory. In selling automobiles, plaintiff was conducting his own business, on his own account, which was a separate undertaking apart from his contract with defendant. The contract to sell and deliver plaintiff cars at Denver has nothing to do with and is no part of plaintiff's business of reselling them in Mesa and adjacent counties. So it can not be said that the contract was to be performed by defendant in Mesa County, where the suit was instituted.

But it is claimed that the part of the contract agreeing to refund the deposit, upon which the action is brought, was to be performed in Mesa County. There is no place designated in the contract where the deposit is to be refunded, and the contract mentions nothing to be performed by defendant in Mesa County. The affidavit shows that the money was deposited in Denver and is held there. In the absence of any agreement that the deposit was to be refunded in Mesa County, it follows as a matter of course, under the general rule, that defendant is entitled to have the suit for its recovery tried in the county of his residence.

It is doubtful whether this action is brought upon the contract. We are inclined to think it is for the recovery of a money demand growing out of the contract, and if so,

it would be triable in the county of defendant's residence. But it is not necessary to decide this point, as we hold that the place of trial does not come within any of the exceptions mentioned to the general rule.

Judgment reversed, with directions to the lower court to change the venue to the City and County of Denver, where defendant will be allowed to plead as it may be advised.

Reversed and remanded.

Decision *en banc*.