No. 9499.

THE PEOPLE EX REL. *v*. DISTRICT COURT OF FOURTH DISTRICT ET AL.

*Original Proceeding for Prohibition.*

1. VENUE—*Place of Trial.*  An action upon a contract against a school district must be tried in the county of that district, unless the case is within one of the exceptions provided for in the revised code, sec. 29.

The exceptions allowing an action in the county where the contract is "to be performed", applies only where the contract is, by express terms, to be performed at a certain place.

. 2. PROHIBITION—*When Allowed.*  Action in El Paso County, by a firm of architects, against a school district of Mesa County, for services rendered in the building of a school-house, the

contract not specifying the place of performance, or payment. A motion for a change of venue having been denied by the district court, prohibition was granted.

*Motion for Writ of Prohibition Upon the Pleadings Granted.*

Messrs. McMULLIN & STERNBERG, Mr. WILLIAM H. GABBERT, for relator.

Mr. CHARLES W. HAINES, for the respondents.

Opinion by Mr. Justice Denison.

THE plaintiffs, MacLaren et al., brought suit in the District Court of El Paso County against the Board of Directors of School District No. 1, Mesa County, to recover a balance for services rendered by them, as architects, in preparing plans and specifications, and superintending the building of a school house. The defendant moved for a change of venue, the motion was denied and defendant then obtained from this court an order upon the District Court to show cause why a writ of prohibition should not issue. A motion to quash the order to show cause was denied and the relator now moves for judgment of prohibition on the pleadings.

If the motion for change was well founded and no question of fact was open, the District Court had no jurisdiction except to grant the motion.

Since the defendant must be classed as a resident of Mesa County and was served there, the case must, by the terms of the code, be tried there, unless it comes within one of the exceptions provided in that act. Code 1908, § 29.

It is claimed that the contract was "to be performed" in El Paso County, and that, therefore, the case is within the exception concerning place of performance, but that exception applies only to a contract which by its own terms is to be performed at a certain place. *Brewer v. Gordon,* 27 Colo. Ill. 111, 113-114.

The contract in this case contains no provision as to the place of payment and no express provision as to the place of performance on the part of the plaintiff; though there

is a necessary implication that superintendence and inspection should be performed in Mesa County.

Without deciding, therefore, whether, in a case like the present, it would be the place of payment or the place of performance of the rest of the contract that would determine the venue, we are compelled upon this record to say that the only proper place of trial is Mesa County.

The motion for a writ of prohibition upon the pleadings should be granted.

Decided May 5, A. D. 1919.   Rehearing denied July 7, A. D. 1919.