## No. 10,503.

PEOPLE, EX REL. TRIPP, ET AL. v. COUNTY COURT OF FRE-
MONT COUNTY, ET AL.

Decided December 4, 1922.  Rehearing denied December 18, 1922.

Petition for writ of prohibition.

### *Rule discharged.*

1. VENUE—*Residence of Defendants.* To sustain a motion for change
of place of trial on the ground that some defendants reside in
another county, it must appear that no defendants reside where
the suit is brought.

2.     *Contract.* Section 29, code 1908, providing that actions upon
notes shall be tried in the county where the same are made pay-
able, is only applicable where the place of payment is expressed
in the contract.

### Original Proceeding.

Mr. W. PENN COLLINS, for petitioners.

Mr. D. W. ROSS, for respondents.

*Department Two.*

MR. JUSTICE DENISON delivered the opinion of the court.

THE relators asked for a writ of prohibition and a rule
to show cause was entered.

Fulford brought suit against Waters, Harvey, Sevier,
Wiley, Brookshire and Tripp in the county court of Fre-
mont county on a note.  Sevier, Wiley and Tripp are res-
idents of Prowers county and were served there.  Brook-
shire is dead and his estate is in probate in Prowers county.
The residence of neither Waters nor Harvey appears in
the record of proceedings below.

The defendants Sevier, Wiley and Tripp moved for a
change of venue on the ground that they were residents of
Prowers county and were served there and their motion

was denied. The denial was right, because, for all the record shows, Waters or Harvey or both may be resident in Fremont county, in which case the case might properly be tried there. Code 1908, § 29. The court seems to have denied the motion on the ground that the note was for some reason payable in Fremont county. We have, however, several times held that under the above section the place of payment must be expressed in the contract. *Brewer v. Gordon,* 27 Colo. 111, 113, 114, 59 Pac. 404, 83 Am. St. Rep. 45; *People v. District Court,* 66 Colo. 330, 182 Pac. 7. The note in suit does not do this. However, though the reason was wrong, the decision was right.

Rule discharged.

MR. CHIEF JUSTICE SCOTT and MR. JUSTICE WHITFORD concur.