No. 10,487.

FELGER *v.* WALCHER, ET AL.

Decided October 1, 1923.

Action to restrain the use of a storage reservoir. Judgment for defendants.

### *Affirmed.*

1. DEED—*Water Rights—Construction.* The conveyance of land with water, "and necessary right of way for said water over and through" lands of the grantor, carried as an incident, the right to transport the water in a practicable way.

2. IRRIGATION—*Reservoirs—Use.* Where a grantor deeded eleven acres of land, with 3.43 inches of water for its irrigation, which was drawn through a reservoir, it is held under the facts disclosed, that with so small a head, the only practicable way to use the water was storage, with the occasional use of a larger head.

3. WATER RIGHTS—*Innocent Purchaser.* A grantee of land and an irrigation system therefor, which was subject to the right of another to use ditches and a reservoir on the land, may not claim to be an innocent purchaser, not bound by what is not expressed in his deed concerning the rights of the third party, where the reservoir and ditches, showing the method of use, were on the ground open to sight.

*Error to the District Court of Jefferson County, Hon. Samuel W. Johnson, Judge.*

Mr. HARRY S. CLASS, Mr. WILLIAM L. BOATRIGHT, for plaintiff in error.

No appearance for defendant in error.

*Department Two.*

MR. JUSTICE DENISON delivered the opinion of the court.

FELGER brought suit to enjoin the Walchers from using his reservoir except to draw through it 3.43 inches of water. He was defeated and brings error. No brief appears for defendants in error.

One Rogers owned eighty acres, and in 1904 he conveyed eleven acres in the northeast corner thereof, all of which, with a water right of 3.43 inches out of the Church ditch "and the necessary right of way for said water over and through" said eighty, passed by mesne conveyances to Walcher. In 1916 Felger acquired the remainder of the eighty acres from Stella R. Rogers. At the time his deed was made Rogers owned the reservoir in question and was using it and the inlet and outlet ditches, substantially as at the present time, to store and to draw water from it to irrigate his land, including the said eleven acres. That use was continued by his grantees. There is testimony that it was impracticable to bring this water from the Church ditch except through this reservoir and that Rogers permitted his original grantees to do this and that he also permitted them to run this 3.43 inches of water into the reservoir continuously, and to draw it out with a larger head occasionally, say once in sixteen days, and that this was the practice to the date of suit. The plaintiff does not

dispute defendants' right to draw the water through the reservoir, but only to store it there and take it out as above stated.

The interpretation of Rogers' deed by the trial court was that the conveyance of the land with the water right and right of way carried as an incident the right to transport the water to the land in a practicable way and that with so small a head as 3.43 inches the only practicable way was storage with the occasional use of a larger head.

We think the court was right. The only reasonable construction of such a deed is to give the grantee an available right. The court's position is strengthened by the fact that when the deed was made, ditches large enough to carry 25 inches or more ran from the reservoir to the eleven acres and were annually in use, by the fact that the right to use these ditches and the reservoir as a conduit to carry the water is not contested, and by the fact that the original parties to the deed used the system as stated above.

This construction disposes of the question of the necessity of writing under the statute of frauds.

Plaintiff in error claims that he is an innocent purchaser, not bound by what is not expressed in the deed; but the right of way is expressed in the deed and the reservoir and ditches showing the method of use were on the ground open to sight. If it be claimed that the right to storage and occasional use was neither expressed nor visible on the ground, the answer is that a 3.43 inch head without storage* is so obviously impracticable under the evidence before us that a purchaser must be supposed to know it, and this with what is shown by the deed and plainly visible on the ground gives notice of all that defendant claims.

Some evidence tended to show that defendants had been taking water from plaintiff's reservoir as they pleased, and more than they were entitled to, and something is said about the duty of defendants to help maintain the reser-

---

*Rights of storage such as here, for the purpose of more effective direct irrigation, must not be confused with rights acquired by appropriation for the purpose of storage.

voir, ditches and gates. The court, however, has retained jurisdiction for the purpose of regulating these and other matters concerning the division and use of the water and will see justice done. We express no opinion upon them.

Judgment affirmed. ·

MR. CHIEF JUSTICE TELLER and MR. JUSTICE SHEAFOR concur.