## No. 11,707.

### LAMAR ALFALFA MILLING CO., ET AL. *v*. BISHOP.

Decided November 29, 1926.   Rehearing denied January 10, 1927.

Action for breach of warranty. Judgment for plaintiff.

### *Reversed.*

### *On Application for Supersedeas.*

1. ACTIONS—*Venue.* As a general rule, actions as for breach of warranty, are to be tried in the county in which defendants or any of them reside at the time of the commencement of the action, or in the county where plaintiff resides when service is made on defendants in such county, unless the case is brought within some of the exceptions of the Code.

2.        *Venue.* One of the exceptions to the general rule of place of trial, is that actions on contracts may be tried in the county in which the contract is to be performed, where by its terms it is to be performed at a particular place.

3.   VENUE—*Contract—Place of Performance.* In determining the place
     of trial of an action for breach of warranty, under the facts in the
     instant case, the question is, where were defendants required to per-
     form the things they were to do under the contract? What plaintiff
     was to do, is not in the case.

4.   SALES—*Delivery—Common Carriers.* In the absence of any agreement
     to the contrary, delivery to the carrier is delivery to the consignee,
     and the fact that the purchaser has the right of inspection and
     approval does not necessarily change the rule.

5.   VENUE—*Breach of Contract.* A breach of the contract does not abro-
     gate the statute as to the place of trial of an action thereon, nor
     spell anything as to what the contract says as to place of per-
     formance.

6.   *Change—Convenience of Witnesses.* A motion for change of
     venue on the ground of convenience of witnesses is addressed to the
     sound discretion of the trial court, and cannot be considered until
     the issues are made up.

7.   *Change—Duty of Court.* When defendants in apt time file a mo-
     tion for change of place of trial based upon a ground which entitles
     them to the change as a matter of right, it should be granted, and
     the court loses all jurisdiction except to order the change.

*Error to the District Court of the City and County of
Denver, Hon. James C. Starkweather, Judge.*

Messrs. GORDON & GORDON, for plaintiffs in error.

Mr. F. D. TAGGART, Mr. M. LEVY, for defendant in
error.

*En banc.*

MR. JUSTICE ADAMS delivered the opinion of the court.

THIS matter concerns the proper place of trial of a
certain action on contract, as determined by § 29 of the
1921 Code. Bishop, plaintiff below, commenced an ac-
tion in the district court of the City and County of Den-
ver, where he resided, against The Lamar Alfalfa Milling

& Elevator Co., having its principal office and place of business in Prowers county, and against its codefendant, Baker. Both defendants resided in Prowers county, where they were served. Defendants, before their time for answer had expired, filed a motion, supported by affidavits, to change the place of trial to Prowers county; the motion was denied; defendants elected to stand on their motion and judgment was entered against them. They bring the case here for review and ask for a supersedeas.

The action was for an alleged breach of warranty, concerning the condition of an electric motor, sold to plaintiff by defendant company. The complaint treats both defendants as warrantors, and only for our purposes here, we shall consider them both as such, the legal principles being the same as far as the venue is concerned. The contract sued upon was in writing, consisting of letters and telegrams; the only part of the agreement that needs looking into now, is that which refers to the place of performance; this is mentioned in only one letter which plaintiff wrote defendant company. It reads:

"We offer Four Hundred Fifty Dollars—$450.00— f. o. b. cars Wiley for your 100 H. P. 'Westinghouse' 3 phase, 60 cycle, 440 volt, 1200 RPM Slip Ring Motor with Controller and Resistance. In case you care to accept the above you may ship at once to us at Denver.

"You may attach draft for the above amount to bill of lading, with instructions that we may inspect this Motor at Denver before payment of draft.

"If this motor is in good running order it will be acceptable to us. It has not necessarily got to be cleaned, painted, etc.

"We have a possible sale for this motor but will have to furnish Base and Pulley. For this reason our offer is $50.00 less than the price which you have quoted.

"Kindly wire acceptance of this order as we have another Motor which we will purchase in case you fail to accept our offer."

Wiley is in Prowers county. Defendant company wired its acceptance of the above offer; the subsequent telegrams modified the price, but this has nothing to do with the venue of the action. The motor was shipped; draft with bill of lading attached was sent to Denver and draft paid by plaintiff, who then got the motor.

1.   The general rule is that personal actions of this kind shall be tried in the county in which the defendants, or any of them, reside at the time of the commencement of the action, or in the county where plaintiff resides when service is made on the defendant in such county, unless the case is brought within some of the exceptions of the Code. 1921 Code, § 29; *Brewer v. Gordon,* 27 Colo. 111, 59 Pac. 404, 83 Am. St. Rep. 45; *Maxwell-Chamberlain Co. v. Piatt,* 65 Colo. 140, 144, 173 Pac. 867; *People v. District Court of 4th Dist.,* 66 Colo. 330, 182 Pac. 7; *People v. District Court of 12th Dist.,* 74 Colo. 121, 218 Pac. 1047.

2.   One of the exceptions to the above general rule is, that actions on contracts may be tried in the county in which the contract is to be performed. All of the above citations support this proposition. The words, "the county in which the contract is to be performed," refer to contracts which by their terms are to be performed at a particular place. This statement also has all of the above decisions for precedents.

3.   The sole question remaining then is, what does the contract say as to place of performance? To determine this, we need to consider only that part of the agreement which plaintiff alleges was broken, namely, the provision concerning the delivery by defendants of the motor as described. *People v. District Court of 12th Dist., supra.* In other words, the motion before us relates only to the place where defendants were required by the contract to perform the things that they were to do under its terms. It does not concern the place where plaintiff was to do his part, either in Denver or elsewhere, by payment for or acceptance of the article; nor whether the delivery, in

its larger sense, was or was not completed by some act of the plaintiff, nor when title passed. What plaintiff was to do is not in the case, and it is well pointed out in *Todd v. W. E. Jamar Seed Co.* (Tex. Civ. App.), 252 S. W. 256, that much confusion and trouble can be avoided by keeping in mind that two places of performance may be definitely fixed in a contract, one for one party and one for another.

4. Plaintiff's letter, in his own language, says, in part: "We offer four hundred fifty dollars f. o. b. cars Wiley, for your * * * motor * * *. In case you care to accept the above you may ship at once to us at Denver."

In the absence of any agreement to the contrary, delivery to the carrier is delivery to the consignee. *Hill v. Fruita Merc. Co.,* 42 Colo. 491, 497, 94 Pac. 354, 126 Am. St. Rep. 172; *Cary v. Williams,* 47 Colo. 256, 260, 107 Pac. 219, 135 Am. St. Rep. 219; 35 Cyc. 193; 4 Elliott on Railroads, (3rd Ed.) § 2127.

5. The fact that the purchaser has a right of inspection and approval does not necessarily change the rule. 35 Cyc. 195; *Mee v. McNider,* 39 Hun (N. Y.) 345, affirmed in 109 N. Y. 500, 17 N. E. 424. The New York case involved a shipment from London to New York. The court says: "The object of that examination and inspection would legally be to determine whether the property was of the quality and amount he was entitled to have under the agreement; and if it were, then he was bound to receive it if the plaintiffs' agreement was performed by the delivery of that description of cocoa for him on board of the steamer."

6. Plaintiff's counsel confuses the place of performance called for in the contract with the place where he claims delivery was actually performed. He says that notwithstanding the contract, plaintiff was denied the right of inspection, and that defendant company violated its agreement by shipping the motor to itself as consignee in Denver; hence, counsel claims the delivery was

made there. But it may be said to be generally true that if defendants delivered the goods at a place other than that specified in the contract, there was a failure of performance in this regard; this, however, does not abrogate the statute, nor spell anything as to what the contract says as to place of performance. If we desert the Code and try to blaze a new trail outside of the contract, we violate the above decisions. The cases referred to are based on sound reasons; if plaintiff's argument is good, parties can choose their own forum by breaking their contracts, and even if we follow counsel's argument, and proceed upon the mistaken assumption that the place of breach and not the place named in the contract determines the venue in a suit thereon, still, it circles back to the same place, Prowers county, for if there was a breach in billing the shipment to the wrong consignee, defendants committed it in Prowers county.

7. Each side filed affidavits in support of their respective contentions as to where the case should be tried, based upon allegations concerning the convenience of witnesses. They were premature; such grounds are within the sound discretion of the court, and cannot be considered until the issues are made up, so that the court can determine the necessity for, and the materiality of, the testimony proposed. *Enyart v. Orr,* 78 Colo. 6, 238 Pac. 29.

8. Nothing here said is to be construed as an expression concerning the merits of the controversy between the parties, nor other than upon the sole question as to where the case shall be tried. When defendants, in apt time, filed a motion to change the place of trial to Prowers county, based upon a ground which entitled them to the change as a matter of right, it should have been granted; the Denver court lost all jurisdiction except to order the change. *Pearse v. Bordeleau,* 3 Colo. App. 351, 354, 33 Pac. 140; *Brewer v. Gordon, supra; Woodworth v. Henderson,* 28 Colo. 381, 65 Pac. 25; *People v. District Court of 2nd Dist.,* 30 Colo. 123, 69 Pac. 597.

The supersedeas will be denied and the judgment reversed, with directions to certify the cause to the district court of Prowers county, where defendants will be allowed to plead, as they may be advised.

MR. JUSTICE BURKE sitting as chief justice.

MR. CHIEF JUSTICE ALLEN not participating.