No. 13,323.

Kimberlin *v.* Rutliff.

(23 P. [2d] 583)

Decided June 26, 1933.

Mr. T. Lee Witcher, Mr. O. P. Ray, for plaintiff in error.

Messrs. Bellinger & Weinmeyer, for defendant in error.

*In Department.*

Mr. Justice Hilliard delivered the opinion of the court.

Error is assigned to the denial of an application for change of place of trial.

Briefly, defendant in error alleged plaintiff in error's failure to perform the terms of a written contract, fully set out, by which the parties were to exchange real prop-

erties, that of defendant in error situate in Pueblo and that of plaintiff in error in Canon City, and prayed for damages in the sum of $1,999. Plaintiff in error made timely application for change of place of trial to Fremont county, and showed by affidavit that service of process was in that county, and that at the time of service, as well as at the time of making the application, she was a resident there. These statements were not controverted. In the complaint, however, it was alleged that the contract was to have been performed in Pueblo county, and this was not negatived in the showing made for change of venue. The court denied the application, and plaintiff in error, declining to plead further, judgment was given against her in the amount of damages alleged to have been sustained.

We think the court erred in denying the motion for change of venue. The contract is silent as to place of performance. In that situation the code provision relative to the right of trial in the county where the contract is to be performed is not applicable. Such provision has reference to contracts which by their terms are to be performed at a particular place. Code '21, §29; *Lamar Co. v. Bishop,* 80 Colo. 369, 250 Pac. 689; *People, ex rel. v. District Court,* 74 Colo. 121, 218 Pac. 1047; *People, ex rel. v. County Court,* 72 Colo. 395, 211 Pac. 102; *People, ex rel. v. District Court,* 66 Colo. 330, 182 Pac. 7; *Brewer v. Gordon,* 27 Colo. 111, 59 Pac. 404. The further allegation that the contract was negotiated in Pueblo county is likewise without significance. *Brewer v. Gordon, supra.* It follows that in determining the question of place of trial the court was not at liberty to give consideration to the emphasized allegations in the complaint. The record considered, the action must be regarded as personal and held to be triable in the county of the defendant's residence. Code '21, §29; *Maxwell-Chamberlin Motor Co. v. Piatt,* 65 Colo. 140, 173 Pac. 867.

The case of *Peabody v. Oleson,* 15 Colo. App. 346, 62 Pac. 234, is cited as authority otherwise. The allegation

of the complaint there was that the contracts, and it seems there were several, assigned to plaintiff for suit, were all to be performed in Boulder county. Considering an application for change of venue made by defendants on the ground that they were served in Arapahoe county, where they resided, the Court of Appeals held that since there was no negation of the averment that the contracts were to be performed in the county where the suit was filed, the showing was not sufficient. The case is distinguishable in that it was based on claims for labor and supplies performed and delivered in Boulder county, where defendants were operating a mine. The case here, as we conceive the practice, is controlled by *Maxwell-Chamberlin Motor Co. v. Piatt, supra.* There the allegation was that the contract was to be performed in Mesa county, but the contract, pleaded in full, contained no such provision. Application was made for change of venue and the showing in support was to the effect that service of summons had been made in Denver, defendant's place of business and residence. The application was denied by the trial court, and on review the judgment was reversed, with directions to order change of venue. The sum of the doctrine announced was that as the contract itself contained no reference to place of performance, the fact could not be supplied by allegation.

The judgment is reversed. Let it be ordered that the application for change of venue to Fremont county be granted.

MR. CHIEF JUSTICE ADAMS and MR. JUSTICE CAMPBELL concur.