No. 13,471.

GRIMES COMPANY, INC. *v.* NELSON.

(31 P. [2d] 488)

Decided March 12, 1934.    Rehearing denied April 2, 1934.

Mr. MAX P. ZALL, for plaintiff in error.

Mr. FRANK L. SHAW, Mr. M. T. HANCOCK, for defendant in error.

*In Department.*

MR. JUSTICE HILLIARD delivered the opinion of the court.

ACTION for damages on alleged breach of contract. Defendant moved for change of place of trial, and on denial elected not to plead further, and to stand on its motion. Duly and timely the court entered defendant's default, received proof of the contract, its breach and resultant damage, and gave judgment. Ruling on the motion is challenged.

It appears that defendant, a corporation having its place of business in Denver, engaging in writing to that end, sold, f. o. b. Center, to plaintiff, a merchant there, a quantity of potato bags at an agreed price per thousand, which it refused to deliver; that to meet the demands of his trade, plaintiff, at increased cost, was obliged to purchase bags elsewhere, to his damage. It further appears that service of summons was in Denver. The parties apparently agree that plaintiff is a resident of Center, Saguache county, where the venue was laid, and defendant of the City and County of Denver, whence the change was sought. Generally, as provided in section 29, Code 1921, unless service is made in the county of plaintiff's residence, trial shall be had in the county of defendant's residence; but regardless of residence and place of service, an exception is that "Actions upon contract may be tried in the county in which the contract was to be performed."

Defendant contends the expression in the contract, "f. o. b., Center," means that it should pay the freight, an element entering into the price of the goods, and is not otherwise important. The point is resolved contra in *Lamar Co. v. Bishop,* 80 Colo. 369, 250 Pac. 689. See, also, *Street v. Werthan Bag and Burlap Co.,* 198 Mo. App. 336, 200 S. W. 739, 742. "The place where a cause of action for a breach of contract arises is generally—almost universally—the place where the contract is to be performed. The reason why the place of the breach of contract is generally the place of its performance is that unless the place of performance is waived * * * it is only at such place that there is a breach or that it can

be determined whether there is a breach." 6 R. C. L., p. 1032, §389. See *Wester v. Casein Co.,* 206 N. Y. 506, 100 N. E. 488; *Gould v. Mathes,* 55 Colo. 384, 135 Pac. 780. We think it clear that defendant contracted to make delivery in Center, hence to perform there.

We are not impressed with the claim that the provision in the contract, "Our responsibility ceases on receipt of bill of lading from transportation company," indicates delivery was to be in Denver. The provision is not pertinent. Defendant's refusal to deliver, not manner or result of delivery, is the basis of plaintiff's action.

Let the order be that the judgment is affirmed.

MR. CHIEF JUSTICE ADAMS and MR. JUSTICE CAMPBELL concur.