No. 15,294.

E. F. GOBATTI ENGINEERING AND MACHINERY CORPORATION
v. OLIVER WELL WORKS, INC.

(139 P. [2d] 269)

Decided June 14, 1943.   Rehearing denied July 6, 1943.

Mr. A. B. MANNING, Mr. F. W. VARNEY, for plaintiff in error.

Mr. JOHN W. O'HAGAN, for defendant in error.

*En Banc.*

MR. CHIEF JUSTICE YOUNG delivered the opinon of the court.

THE parties are before this court in reverse order of their appearance in the county court, and will be designated herein as plaintiff and defendant.

An action was brought by plaintiff, a Colorado corporation, the principal place of business and residence of which is in Weld county, against defendant, also a Colorado corporation, its principal place of business and residence being in Pueblo county. The action is based on an oral contract under which plaintiff was to drill certain wells in Pueblo county, for which services it was to have been paid a specified compensation. The action was commenced in Weld county to recover payment for those services, and defendant was served with summons in Pueblo county. Defendant moved for change of venue to Pueblo county. The motion was overruled. Defendant excepted. Defendant claims that the county court erred in overruling its motion, and in thereafter rendering judgment against it.

Plaintiff concedes that the place of drilling the wells was Pueblo county, but it does not concede that the place of performance by defendant, that is, the payment for the services, was Pueblo county. It admits that the agreement did not provide expressly where payment was to be made.

■ ■ Plaintiff's position is that there may be two places for performance of a contract, one by plaintiff, the other by defendant, and that in this case the place of performance by defendant, the payment of the compensation for services, was by implication the county wherein plaintiff creditor resides and has its principal place of business.

In *Grimes Company, Inc. v. Nelson,* 94 Colo. 487, 31 P.(2d) 488, we said: "Generally, as provided in section 29, Code 1921, unless service is made in the county of plaintiff's residence, trial shall be had in the county of defendant's residence; but regardless of residence and place of service, an exception is that 'Actions upon con-

tract may be tried in the county in which the contract was to be performed.' "

Section 29 of the Code of Civil Procedure, to which reference is made in the foregoing quotation, and rule 98(c) of our present Rules of Civil Procedure, which control in this case, are identical in so far as the provisions applicable to the instant case are concerned. The rule, so far as pertinent, is as follows: "Actions upon contracts may be tried in the county in which the contract was to be performed; actions upon notes or bills of exchange in the county where the same are made payable; and actions for torts in the county where the tort was committed. In all other cases the action shall be tried in the county in which the defendants, or any of them, may reside at the commencement of the action, or in the county where the plaintiff resides when service is made on the defendant in such county; * * *"

The only pleading in the case before us is a complaint which alleges a breach of contract by defendant, and therefore the suit is an action on contract. Paragraph 8 of the complaint reads as follows: "That said balance and interest due, above stated, is payable at the residence of the plaintiff, creditor, in Greeley, Weld County, Colorado, its principal place of business." This is not an allegation of fact, but merely the statement of a legal conclusion, and it falls far short of an allegation that the contract *by its terms* was to be performed in whole or in part in Weld county.

It is clear unless plaintiff can establish that its suit does not come within the general rule, and bring itself within an exception thereto, that the proper venue for the trial of its cause was Pueblo county, the county of defendant's residence, and place of business. Plaintiff attempts to bring the action within the exception contained in the foregoing rule, "actions upon contract may be tried in the county in which the contract was to be performed," for in its brief appears the statement:

"The sole question before the court in deciding where the venue properly lay consisted in where defendant was to have performed its contract, the breach of which plaintiff alleges. Plaintiff further contends that it is immaterial where plaintiff was to have performed its part of the contract, or, for the purpose of ·venue, whether defendant may or may not have a defense." We think that the legal question raised under the fact situation out of which this controversy arose is more correctly stated as being whether the plaintiff has brought itself under the exception to the general rule.

Our former decisions support the view that plaintiff has not brought itself within the exception. In *Kimberlin v. Rutliff,* 93 Colo. 99, 23 P. (2d) 583, we said: "We think the court erred in denying the motion for change of venue. The contract is silent as to place of performance. In that situation the code provision relative to the right of trial in the county where the contract is to be performed is not applicable. *Such provision has reference to contracts which by their terms are to be performed at a particular place.* Code '21, §29; *Lamar Co. v. Bishop,* 80 Colo. 369, 250 Pac. 689; *People, ex rel. v. District Court,* 74 Colo. 121, 218 Pac. 1047; *People, ex rel. v. County Court,* 72 Colo. 395, 211 Pac. 102; *People, ex rel. v. District Court,* 66 Colo. 330, 182 Pac. 7; *Brewer v. Gordon,* 27 Colo. 111, 59 Pac. 404. The further allegation that the contract was negotiated in Pueblo county is likewise without significance. *Brewer v. Gordon, supra.* It follows that in determining the question of place of trial the court was not at liberty to give consideration to the emphasized allegations in the complaint. The record considered, the action must be regarded as personal and held to be triable in the county of the defendant's residence. Code '21, §29; *Maxwell-Chamberlin Motor Co. v. Piatt,* 65 Colo. 140, 173 Pac. 867." In that case the contract was silent as to the place of performance. In the instant case, counsel for plaintiff

in his brief correctly says that "no agreement was had as to where the payment was to be made. The contract was silent thereon."

In *Kimberlin v. Rutliff, supra,* we said that in such a situation, that is, where the contract is silent as to the place of performance, the code provision relative to the right of trial in the county where the contract is to be performed, is not applicable. Such provision, as well as the provision in our present rule, has reference to contracts which *by their terms* are to be performed at a particular place, and nowhere does plaintiff contend that by the terms of the contract here involved payment was to be made in Weld county. The exception under which plaintiff attempts to place itself is, on the admitted facts, not available to it.

Plaintiff relies strongly on the case of *Lamar Alfalfa Milling Co. v. Bishop,* 80 Colo. 369, 250 Pac. 689. Defendant in that case, under the terms of a contract contained in letters and telegrams, had shipped a motor from Prowers county to plaintiff in Denver. Plaintiff paid the agreed price for the motor and subsequently sued in the City and County of Denver, alleging a breach of warranty by defendants. Defendants moved for a change of venue to Prowers county. The district court denied the motion, which action we held to be error. This case is analogous to the case at bar and is authority for our holding against the plaintiff in the instant case. This is indicated by the following statement contained in the opinion: "The sole question remaining then is, what does the contract *say* as to place of performance? To determine this, we need to consider only that part of the agreement which plaintiff alleges was broken, namely, the provision concerning the delivery by defendants of the motor as described. *People v. District Court of 12th Dist., supra.* In other words, the motion before us relates only to the place where defendants *were required by the contract* to perform

the things that they were to do under its terms." (Italics ours) The opinion merely points out that the contract *by its terms* was to be performed in Prowers county, and not in Denver. Plaintiff in that case did not, and could not, bring himself within the exception to the general rule. The district court of Denver was directed to certify the cause to the district court of Prowers county for trial, which was the residence of defendants and the county where they were served, and under the general rule the proper venue of the action.

The judgment of the county court of Weld county is reversed and the cause remanded with directions to certify the cause to the county court of Pueblo county where defendants will be allowed to plead as they may be advised.

MR. JUSTICE BAKKE and MR. JUSTICE GOUDY not participating.