No. 18,766.

BYRON CLIFF v. JAMES G. GLEASON.
(351 P. [2d] 394)

Decided April 25, 1960.

Mr. DAVID B. RICHESON, Mr. HARRY J. KAHLER, for plaintiff in error.

Mr. WILLIAM J. CHISHOLM, for defendant in error.

*In Department.*

PER CURIAM.

THE parties to this cause will be referred to as they appeared in the trial court, where plaintiff in error was defendant, and defendant in error was plaintiff. Plaintiff sued to recover a broker's commission, based on an "Exclusive Listing and Authority to Sell" contract, by the terms of which the defendant Byron Cliff, doing business as Ace-Hi Liquor Store, employed plaintiff James Gleason to find a buyer for his store.

Complaint was filed in Superior Court of the City and County of Denver, and in due course summons was personally served on the defendant Gleason in Jefferson County. The complaint incorporated as Exhibit A, a copy of the listing contract, providing for payment of commission.

Defendant filed a motion for change of venue under Rule 98, R.C.P. Colo., to Jefferson County, on the ground that defendant resided and was served, and the

contract was to be performed in Jefferson County. In effect this is a motion for change of place of trial.

Hearing on said motion resulted in its denial by the Superior Court and retention of jurisdiction by it. Thereupon the defendant initiated writ of error in this Court, but afterward realizing the futility of such proceeding in the absence of final judgment, abandoned it, filed answer to the complaint, pleading, inter alia, lack of jurisdiction in the Denver court.

Upon trial the court found the issues for the plaintiff, awarded judgment in his favor for $800 plus interest, to which defendant sues out this writ of error.

The defendant contends that the trial court erred (1) in denying defendant's motion for change of venue, and (2) in awarding judgment contrary to the evidence.

We direct attention to the question of whether the court erred in denying motion for change of place of trial to Jefferson County.

From the record before us we ascertain that a "hearing" was had, prior to trial, on defendant's motion to change venue, "at the conclusion of which (reciting from the court's order) and the Court being fully advised in the premises" the motion was denied. The record is wholly silent as to any offers of testimony or documentary evidence by either party. The reason for the Court's ruling is not shown.

The burden of proof of the right to a change of venue or place of trial is, of course, upon the party who seeks the change. *Fletcher and Gerelds v. Stowell,* 17 Colo. 94, 28 Pac. 326; 56 Am. Jur. p. 67, Sec. 66; 92 C.J.S. p. 932, Sec. 192. But where, as here, there is involved the substantial right of a defendant to have a case against him tried in the County in which he resides, the party denying such right must at least balance the showing made by the moving party. *Shelton v. Southern Kraft Corporation* (S.C.) 10 S.E. (2d) 341; 129 A.L.R. 1281.

At the time of the hearing, according to the record, the files before the Court, and upon which its decision

need be based, contained only (1) the complaint, containing by reference the contract sued upon, which described the property listed as being in Jefferson County, did not specify the residence of either party to it, and was silent as to the place of performance; (2) the summons, issued out of Denver Superior Court, with return thereon showing personal service on defendant "at his place of business, 2515 Sheridan Blvd., Jefferson County, Colorado"; and (3) the motion for change of venue, contents of which have already been described.

The Court was thus at the hearing on the motion faced with uncontroverted facts squarely placing the cause within the operation of Rule 98, viz. the defendant's residence in Jefferson County as alleged in his motion, service upon him in that county, and a contract pleaded by plaintiff himself, silent as to place of performance. The law is settled in this jurisdiction that an action for breach of contract which is silent as to place of performance, must be regarded as a personal one and triable in the county of defendant's residence. *Gobatti Engineering and Machinery Corporation v. Oliver Well Works, Inc.,* 111 Colo. 193, 139 P. (2d) 269. Upon such showing the moving defendant discharged his burden, the plaintiff did not meet or overcome it, and the court should have granted the motion for change of place of trial.

The plaintiff contends that "during the course of the trial (held in the Denver Superior Court following denial of the motion for change) the *evidence* disclosed that the parties originally intended, prior to the breach, to close the deal and perform the (contract) at the office of the plaintiff in Denver" — thus bringing the action within that part of Rule 97 permitting actions on contract to be tried in the County where the contract is to be performed. While in our view the evidence did not bear out the plaintiff's contention, it is entirely immaterial.

The right to a change of venue depends on the conditions existing at the time the demand for the

change is made, and must be determined by conditions at the time the party claiming the right first appears in the action. 92 C.J.S. p. 912, Sec. 185a. When, as here, an application sufficient in form, uncontradicted, and supported by allegations in the plaintiff's complaint itself, is made for a change of place of trial, the court has jurisdiction of the cause only for purpose of removal to the proper county. *Colorado State Board of Examiners of Architects et al v. District Court et al.* 126 Colorado, 340, 249 P. (2d) 146; *Pearse v. Bordeleau,* 3 Colo. App. 351, 33 Pac. 140; *Lamar Co. v. Bishop,* 80 Colo. 369, 250 Pac. 689; *Woodworth v. Hudson,* 28 Colo. 381, 65 Pac. 125. All proceedings subsequent to the erroneous refusal to change venue by the Superior Court were void, and evidence adduced at the trial cannot be considered as bearing upon the matter.

Accordingly, the judgment of the Superior Court of the City and County of Denver is reversed, and the cause is remanded with directions to vacate the judgment and to transfer the cause for further proceedings and trial on the merits to the county court of Jefferson County.

MR. JUSTICE MOORE, MR. JUSTICE FRANTZ and MR. JUSTICE DOYLE concur.