**BOARD OF COUNTY COMMISSIONERS OF the COUNTY OF EAGLE, and the Land Use Commission of the State of Colorado, Petitioners,**

v.

**The DISTRICT COURT IN AND FOR THE CITY AND COUNTY OF DENVER, and Judge Robert T. Kingsley, and the City and County of Denver Acting By and Through Its Board of Water Commissioners, Respondents,**

and

**The City of Colorado Springs, Intervenor.**

**No. 81SA146.**

Supreme Court of Colorado, En Banc.

Aug. 24, 1981.

Rehearing Denied Sept. 14, 1981.

---

Beth A. Whittier, Eagle County Atty., Eagle, Kirkland & Ellis, Henry W. Ipsen, Raymond L. Petros, Denver, Gerald E. Dahl, Frisco, for Bd. of County Com'rs of the County of Eagle, Colo.

J. D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, Sol. Gen., Marshall D. Brodsky, Asst. Atty. Gen., Natural Resources Section, Denver, for Colorado Land Use Com'n.

Wayne D. Williams, Henry C. Teigen, Michael L. Walker, Saunders, Snyder, Ross & Dickson, Eugene F. Megyesy, Jr., Martha Phillips Feiten, Denver, for respondents.

James G. Colvin, II, City Atty., Tad S. Foster, Asst. City Atty., Colorado Springs, for intervenor.

LEE, Justice.

In this original proceeding, a joint petition pursuant to C.A.R. 21 was filed by the petitioners (defendants in the district court) seeking relief in the nature of prohibition and mandamus. We issued our rule to show cause why the relief prayed for should not be granted. We now make the rule absolute.

The controversy before us arises out of the Denver district court's denial of a motion for change of venue filed by the Board of County Commissioners of Eagle County (Eagle County), and the denial of motions to dismiss and for severance filed by the Colorado Land Use Commission (L.U.C.), in an action in the Denver district court brought by the City and County of Denver, acting by and through its Board of Water Commissioners (Denver), against the petitioners.

The background of the controversy, as we determine it from the briefs and scant record before us, indicates that Eagle County, pursuant to section 24–65.1–101, *et seq.,* C.R.S.1973 (1980 Supp.), adopted land use regulations which (quoting from the brief of Eagle County) concerned "certain activities of state interest within Eagle County, including site selection and construction of major nondomestic water and sewer treatment systems, major extensions of existing water and sewage treatment systems, the efficient utilization of municipal and industrial water projects" and "the administration of flood plain hazards." These regulations were submitted to the L.U.C. for review and consideration as provided by section 24–65.1–406, C.R.S.1973. Following review by the L.U.C. and return to Eagle County with recommended technical modifications, Eagle County accepted the requested modifications and modified the regulations accordingly.[1]

Denver, perceiving that the land use regulations invalidly interfered with the development of its water rights originating in Eagle County and the construction of its diversion projects in that county, commenced an action in the Denver district court, asserting nine claims for relief. It attacks the constitutionality of the land use regulations as adopted by Eagle County and their applicability to Denver's water diver-

---

1. The original land use regulations did not provide for the administration of flood plain hazard areas. The regulations relating to flood plain hazard areas were adopted by the addition of a chapter to the original regulations at a later date. The procedure by which the flood plain regulations were adopted was the same, with review by the L.U.C. which recommended technical modifications.

sion projects. Denver also challenges the actions taken by the L.U.C. pursuant to its statutory review of the county regulations. Denver seeks declaratory, injunctive and mandamus relief against Eagle County and the L.U.C.

In response to the suit against it, Eagle County timely filed a motion for change of venue to the District Court of Eagle County. L.U.C. consented on the record to the change of venue, and in addition filed its motion for dismissal of the action against it for failure to state a claim upon which relief can be granted, and its further motion under C.R.C.P. 20 for a severance of the claims against it from the claims against Eagle County.

After a hearing at which all three motions were considered, the court denied the motions and proceeded to consolidate this action with two other pending actions, neither of which included Eagle County as a party.

■ In issuing the rule to show cause, our concern was to avoid the delay and expense involved in a re-trial of the case if the change of venue was improperly denied. *Jameson v. District Court*, 115 Colo. 298, 172 P.2d 449 (1946). It is clear under numerous decisions of this court that a proper application for a change of venue from an improper county, timely made, leaves the trial court with no alternative but to grant such application. *Denver v. Glendale*, 152 Colo. 39, 380 P.2d 553 (1963). The court has no authority to proceed further with the case as jurisdiction is divested except for the purpose of making the order of remand to the proper county, *Cliff v. Gleason*, 142 Colo. 500, 351 P.2d 394 (1960). *State Board v. District Court*, 126 Colo. 340, 249 P.2d 146 (1952); *Lamar Alfalfa Milling Co. v. Bishop*, 80 Colo. 369, 250 P. 689 (1926); *Brewer v. Gordon*, 27 Colo. 111, 59 P. 404 (1899). Further proceedings in the trial court after an erroneous denial of a proper motion for change of venue are a nullity and void. *Cliff v. Gleason, supra*.

In light of the foregoing principle we have examined the venue issue in this case and conclude that the district court erroneously denied a change of venue to Eagle County.

Eagle County is the proper venue of the action in this case for the following reasons. Denver's claims arise out of the adoption by the Board of County Commissioners of Eagle County of land use regulations. Denver asserts these regulations are invalid and inapplicable as to it and to Denver's development of its water rights which originate in Eagle County and to the construction and operation of its water diversion facilities. Denver seeks to prohibit Eagle County from implementing and enforcing the land use regulations and from imposing sanctions for their violation. The Board of County Commissioners is being sued in its official capacity for the adoption of the regulations which control the use of land located within the county, as authorized by section 24–65.1–101, *et seq.*, C.R.S.1973 (1980 Supp.).

■ In our view, C.R.C.P. 98(b)(2) controls the venue of Denver's claims. This section provides that actions upon claims against a public officer for an official act done by him shall be tried in the county where the claim or some part thereof arose. It is clear that Denver's claims against Eagle County arose in that county by virtue of the official action of the Board of County Commissioners in adopting the land use regulations for the County of Eagle, which purport to control the development of Denver's water rights and facilities located in that county. Thus, the proper county for trial of Denver's claims is the County of Eagle.

In *Water Comm. v. County Comm.*, 187 Colo. 113, 528 P.2d 1305 (1974), Denver, as petitioner in an original proceeding, sought the application of C.R.C.P. 98(b)(2) to it and moved for a change of venue of the case from Arapahoe County to the County of Denver. This court held that this section of the venue rule was applicable as a matter of law, stating:

"As we have pointed out, the relief sought here is to require the Commissioners of the Denver Water Board to furnish

available water to surrounding counties from Denver's water supply. It follows that this is then an action to compel these public officers to perform acts or duties which they are required by law to perform.

Claims for injunctive relief against public officers arise, within the meaning of C.R.C.P. 98(b), in the county in which the public body has its official residence and from which any action by the board pursuant to the injunction must emanate. *See, e. g., State v. District Court*, 340 P.2d 939 (Okl.); *State v. District Court*, 290 P.2d 413 (Okl.); *Clay v. Hoysradt*, 8 Kan. 74. All defendants have their official addresses in Denver County and an order to supply water to plaintiffs would issue from Denver. Therefore defendants' motion to transfer venue to Denver District Court should have been granted under C.R.C.P. 98(b)."

The rationale of the foregoing applies to this case and we therefore conclude that under the provisions of the rule the venue of Denver's claims is properly in the County of Eagle.

■ Eagle County also argued, in support of its motion for change of venue, that C.R.C.P. 98(a) mandates a change of venue to the County of Eagle. While C.R.C.P. 98(a) requires that actions affecting real property be tried in the county in which the subject of the action, or a substantial part thereof, is situated, in our view this section is not controlling in this case. Even though the situs of the property affected by the land use regulations lies within Eagle County, it is the substance of the action and not the form which controls the venue of the case. *Colo. Nat'l. Bank v. Dist. Ct.*, 189 Colo. 522, 542 P.2d 853 (1975); *Jameson v. District Court, supra*. The relief sought by

Denver is directed to the validity and operative effect of the county land use regulations, and there is no issue as to "title, lien, injury, quality, or possession" of Denver's water rights or facilities. *Craft v. Stumpf*, 115 Colo. 181, 170 P.2d 779 (1946). In that sense Denver's property is not "affected" within the meaning of C.R.C.P. 98(a). *Kirby v. Union Pacific Co.*, 51 Colo. 509, 119 P. 1042 (1911). *See, also, Water Comm. v. County Comm., supra.*[2]

■ Denver contends that the trial of the case in the Denver district court is proper since the Land Use Commission of the State of Colorado is joined as a party defendant. This might be the result if the L.U.C. had not consented on the record to the change of venue. C.R.C.P. 98(j) provides that "where there are two or more plaintiffs or defendants, the place of the trial shall not be changed unless the motion is made by or with the consent of all plaintiffs or defendants, as the case may be." Since the L.U.C. consented to the change of venue, a change to the proper county is mandated by the rule.

Eagle County has asserted that the joinder of the L.U.C. as a party defendant to obtain an administrative review under the Colorado Administrative Procedure Act was a subterfuge in an attempt to thwart the foregoing venue rules and to force Eagle County to litigate Denver's claims in the District Court of Denver.[3] We need not examine the merits of this proposition inasmuch as the L.U.C. has consented to the change of place of trial to the County of Eagle.

We next consider the Denver district court's denial of the L.U.C. motions to dismiss and to sever Denver's claims against it from the trial of Denver's claims against Eagle County.

2. As an additional ground for a change of venue, Eagle County asserted that C.R.C.P. 98(f)(2) was applicable. An examination of the verified motion for change of venue sets forth valid and sufficient grounds for a change of venue under this provision of the rule. It would not have been an abuse of discretion for the trial court to have granted a change on this basis.

3. The basis of this contention lies in the assertion that by statute the L.U.C. is merely an advisory body whose suggestions and recommendations may or may not be accepted by the Board of County Commissioners, which is the governmental subdivision statutorily empowered to promulgate county land use regulations. *See*, section 24–65.1–101, C.R.S.1973 (1980 Supp.), *Legislative declaration*.

█ It is fundamental that when a motion for change of venue is filed, which under the rule may mandate a change of place of trial, the trial court's first consideration must be the venue issue. If the rule mandates a change, then the trial court loses jurisdiction in the case to proceed further with the determination of other issues, and has only authority to order a transfer to the proper county. *Denver v. Glendale, supra; Cliff v. Gleason, supra.* Since the Denver district court should have changed the place of trial, it was without power to determine other issues before the court.

In recognition of these principles, C.R.C.P. 98(e)(3) accommodates a situation such as is presented by the present case. It provides:

"(3) Except as otherwise provided in an order allowing a motion to change venue, earlier ex parte and other orders affecting an action, or the parties thereto, shall remain in effect, subject to change or modification by order of the court to which the action is removed."

In its order denying Eagle County's motion for change of venue and L.U.C.'s motions to dismiss and to sever, the Denver district court made no findings and merely noted its rulings in the minutes of the case. We are without guidance as to the reasons for its rulings and do not choose to review these rulings. Under C.R.C.P. 98(e)(3), the District Court of Eagle County may re-hear these motions, and change or modify the orders made by the Denver district court.

Finally, we note that the General Assembly in article 65.1 of title 24, C.R.S.1973 (1980 Supp.) has specifically provided that judicial review in a controversy between the Colorado Land Use Commission and a local government [a municipality or county] shall be had in the district court for the judicial district in which the local government is located. Section 24–65.1–407(1)(c), C.R.S.1973 (1980 Supp.). Also, a denial of a permit by a local government agency shall be subject to judicial review in the district court for the judicial district in which the major development or activity is to occur. Section 24–65.1–502, C.R.S.1973 (1980 Supp.).

Section 24–65–104(2)(a), C.R.S.1973 (1980 Supp.), likewise requires the Colorado Land Use Commission in its enforcement of land use cease and desist orders to proceed in the district court for the county in which the activity is located.

Although these particular statutory sections do not expressly apply to the venue problem in the present case, our ruling conforms to the legislative intent therein expressed as to the proper place of trial—the district court for the judicial district in which the local government is located.

The rule is made absolute and the Denver district court is ordered to transfer the action to the District Court of Eagle County.

